George OLSHAUSEN, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 16133.

United States Court of Appeals
Ninth Circuit.

Dec. 10, 1959.

Rehearing Denied Jan. 19, 1960.

24

George Olshausen, San Francisco, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., Helen A. Buckley, Lee A. Jackson, I. Henry Kutz, Karl Schmeidler, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before HEALY, ORR and HAMLIN, Circuit Judges.

ORR, Circuit Judge.

For failure to file declarations of estimated tax for the years 1952 and 1953, the Commissioner of Internal Revenue pursuant to § 294 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 294, assessed additions to petitioner's tax as penalties for said failure [1] and also for substantial underestimate of estimated tax.[2] The Tax Court sustained the findings of the Commissioner and taxpayer petitions for review.

At the time of argument and submission of the case, there was pending for hearing before the Supreme Court of the United States the case of Commissioner of Internal Revenue v. Acker, 1959, 80 S.Ct. 144, in which the question of whether sections 294(d)(1)(A) and 294(d)(2) provided cumulative penalties for failing to file was under consideration. The Tax Court had held in the instant case that the Commissioner was correct in assessing two penalties for the reason that petitioner's failure to file a

---

1. § 294(d) (1) (A): "Failure to file declaration. In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. * * *"

2. § 294(d) (2): "Substantial underestimate of estimated tax. If 80 per centum of the tax * * * exceeds the estimated tax * * * there shall be added to the tax an amount equal to such excess, or equal to 6 per centum of the amount by which such tax so determined exceeds the estimated tax so increased, whichever is the lesser. * * *"

declaration amounted to an estimation of zero tax and, therefore, was a substantial underestimate. Petitioner challenges this holding. We have withheld our opinion pending a determination of the question by the Supreme Court. A decision in the Acker case was recently rendered wherein it was held that the two sections were not cumulative: that section 294 (d)(2) has no application in the case of a failure to file a declaration of estimated tax. The decision as we read it settles another controversy existing between the Commissioner and the petitioner, to wit, that the addition to the tax as provided in section 294(d)(1)(A) is a penalty.

While the case of Commissioner of Internal Revenue v. Acker resolves the cumulative penalty issue in favor of petitioner, he presents other claimed errors which require disposition:

██ Petitioner argues that the deficiency notice procedure set up in the Code (§ 272 I.R.C.1939, 26 U.S.C.A. §

272) cannot be used in enforcing the additions to the tax under § 294 where there is no deficiency in the tax apart from the additions. The following cases are opposed to petitioner's contention: Davis v. Dudley, D.C.W.D.Pa.1954, 124 F.Supp. 426; Myers v. C.I.R., 1957, 28 T.C. 12; Newsom v. C.I.R., 1954, 22 T.C. 225, affirmed per curiam, 5 Cir., 1955, 219 F.2d 444.[3] Before the creation of the Tax Court (originally the Board of Tax Appeals), the rule was "pay first and litigate later." The deficiency notice procedure now provides taxpayers with the alternative of petitioning the Tax Court within 90 days after the deficiency notice is issued and being able to contest the assessment before that court without having to pay the assessment first. § 272 I.R.C.1939. This was intended to benefit taxpayers. 65 Cong.Rec. 2429. We are impressed by the reasoning employed in Davis v. Dudley, supra: " * * * [T]he imposition of the delinquency

---

3. These cases hold the additions imposed by § 294 to be deficiencies within the meaning of § 271 I.R.C.1939, 26 U.S.C.A. § 271, which defines "deficiency" as follows: " * * * 'deficiency' means the amount by which the tax imposed by this chapter exceeds the excess of—

"(1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over—

"(2) the amount of rebates, as defined in subsection (b) (2), made."

The deficiency notice in the present case was sent in 1955. § 7851 (a) (6) I.R.C.1954, 26 U.S.C.A. § 7851(6) directs that after January 1, 1955 chapters 63–65 I.R.C.1954, relating to assessment, collection and refund of taxes, shall apply to taxes imposed by the 1939 Code. § 6211, 26 U.S.C.A. § 6211, defining "deficiency" in the 1954 Code, is in chapter 63. It defines "deficiency" by referring to the amounts imposed by subtitles A and B. This engenders confusion since § 294, which was in subtitle A in the 1939 Code, is in subtitle F in the 1954 Code as § 6654, 26 U.S.C.A. § 6654, and the additions imposed by the latter section are not within the definition

of "deficiency" in the 1954 Code (but are treated as deficiencies for purposes of collection by virtue of § 6659, 26 U.S.C.A. § 6659, which, being in chapter 68, does not apply to taxes imposed by the 1939 Code). As a tax imposed by the 1939 Code, § 294 additions would be within the "deficiency" definition of the 1954 Code if § 6211 is read as referring to subtitle A in the 1939 Code when that Code is involved, but such a contention is doubtful since a statute in referring to subtitles should be read as referring to subtitles in the statute the reference appears in. (Some support for reading it as a reference to the 1939 Code is found in § 7851(a) (7) (e), but problems of construction would still remain.)

We arrive at the same result by a slightly different path. Since the definition of "deficiency" contained in § 6211 of the 1954 Code cannot accurately be applied to the 1939 Code as regards the additions imposed by § 294 because of the rearrangement of the content of the subtitles, we construe the mandate in § 7851 (6) (B) I.R.C.1954 as directing that the 1954 Code govern only when capable of application, and since § 6211 is not so capable in this case, we revert to the definition contained in the 1939 Code of "deficiency" and the cases cited above interpreting it.

penalties in subdivisions 294(d)(1)(A) and (B) depends exclusively upon the judgment of the Commissioner. Hence, in the absence of unequivocal language to the contrary, * * * we think that this type of penalty should be construed as a deficiency in order that the judgment of the Commissioner may be tested by the Tax Court as a safeguard against erroneous assessments and compulsory payment pending final decision." (At page 428). This court in Granquist v. Hackleman, 9 Cir., 264 F.2d 9, cited the above mentioned cases with approval " * * * to illustrate a recognition in the courts of the underlying reasons in favor of affording a taxpayer a prepayment review in the Tax Court * * * Where the statute does not specifically, by its precise language, take away this right, * * * we believe that the taxpayer should be afforded an opportunity to file suit in the Tax Court to determine his liability. The requirement of a 90 day deficiency notice affords this right to the taxpayer." 28 T.C. at page 15.

 Petitioner urges, however, that we construe the statute as not affording taxpayers this right in order to avoid alleged "serious constitutional questions." Having taken advantage of the deficiency notice procedure by filing a petition in the Tax Court without paying the tax first, petitioner now makes the claim that he was deprived thereby of a jury trial. Such deprivation was due to his own act. If he desired a jury trial, he should have paid the tax first and then sued for a refund in the district court. There is no right to a jury trial without paying first as a statutory matter (Flora v. United States, 1958, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165) and no right to a jury trial at all in tax matters as a constitutional requirement (Wickwire v. Reinecke, 1929, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184). The Sixth Amendment to the Constitution applies only to criminal proceedings. Even though § 294(d)(1) (A) imposes a penalty (Commissioner v. Acker, supra), it has long been settled that Congress may provide civil proceedings for the collection of penalties which are civil or remedial sanctions rather than punitive, and provide that the determination of the facts upon which the liability for such a penalty is based may be by executive officers or administrative agencies. Helvering v. Mitchell, 1938, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917; Oceanic Steam Nav. Co. v. Stranahan, 1909, 214 U.S. 320, 29 S.Ct. 671, 53 L.Ed. 1013; Hepner v. United States, 1909, 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720; Passavant v. United States, 1893, 148 U.S. 214, 13 S.Ct. 572, 37 L.Ed. 426. The court in Helvering v. Mitchell held that the double jeopardy clause had no application in a proceeding to assert an additional tax of 50% of a deficiency due to fraud imposed by § 293(b) of the Revenue Act of 1928 since such a proceeding was a civil one. The court stated: "The remedial character of sanctions imposing additions to a tax has been made clear by this Court in passing upon similar legislation. They are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud." 303 U.S. at page 401, 58 S.Ct. at page 634. The additions to the tax imposed by § 294(d)(1)(A) are equally remedial in character. Congress has, therefore, properly provided civil proceedings in which assessment of such additions may be tested. The Sixth Amendment has no application to such proceedings. See Walker v. United States, 5 Cir., 1957, 240 F.2d 601.

 Petitioner asserts in the alternative that he is entitled to a jury trial by reason of the Seventh Amendment to the Constitution which guarantees a jury trial where required at common law. He contends that what we have here is an action of common law debt for which a jury trial was required. If this were true, all actions for the collection of taxes would be actions of debt, as would all other statutory proceedings involving a sum of money. Such a broad view of the common law action of debt is not tenable. Petitioner cites United States v. Regan, 1914, 232 U.S. 37, 34 S.Ct. 213, 58 L.Ed.

494, and Hepner v. United States, supra, in support of his contention. The Supreme Court in both of those cases was applying a statute which provided that the penalty imposed therein " * * * may be sued for and recovered by the United States * * * as debts of like amount are recovered in the courts of the United States * * *." [213 U.S. 103, 29 S.Ct. 475] Alien Immigration Act, § 5, 34 Stat. 898, 900. This is an express requirement that an action to recover the penalty be prosecuted as a common law action of debt. The dicta in these cases, therefore, do not stand for the broad proposition, urged by petitioner, that statutory penalties are always recovered in common law actions of debt. We have under consideration in the instant case a proceeding provided for by statute to test the validity of a penalty assessed pursuant to that statute. No such action existed at common law, and, therefore, no jury trial is required by the Seventh Amendment.

■ Petitioner asserts that a further constitutional issue arises if we construe the statute as giving the Tax Court jurisdiction to determine the propriety of additions to the tax assessed pursuant to § 294. He argues that when a case comes into the Tax Court, Rule 32 of that court, 26 U.S.C.A. (I.R.C.1954) § 7453, places an unconstitutional burden on taxpayers by requiring them to prove that their failure to file was due to reasonable cause rather than willful neglect. The answer is that it is not Rule 32 of the Tax Court which places the burden on the taxpayer, but § 294 itself (see footnote 1 supra). The burden of proof, therefore, would be the same in the district court or the court of claims. Where one fact (willful neglect) is a logical conclusion from another (failure to file), there is no constitutional infirmity in presuming the second fact from the first, thus putting the burden of proof on the protestant. See Boynton v. Pedrick, 2 Cir., 1955, 228 F.2d 745, certiorari denied, 351 U.S. 938, 76 S.Ct. 835, 100 L.Ed. 1465, rehearing denied, 351 U.S. 990, 76 S.Ct. 1046, 100 L.Ed. 1503, and see also Helvering v. Taylor, 1935,

293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623. An almost impossible burden would be placed on the government if it had to prove willful neglect by evidence in addition to a taxpayer's failure to file, whereas the taxpayer can easily explain his failure if good cause therefor existed. The allocation of the burden of proof made by § 294 is, therefore, founded in good common sense and fair play.

■ In any event, petitioner argues, there was no evidence of willful neglect to support such a finding. Since the burden was on the taxpayer to explain his failure to the satisfaction of the Commissioner, a lack of evidence of willful neglect would not negate such a finding. But, be that as it may, a review of the record convinces us that it contains ample evidence to support such a finding, such as spaces on the form 1040 for estimated tax and the fact that petitioner had filed in prior years.

■ We have the further contention that the government is barred from prosecuting its claim because of laches. This contention is answered by the case of United States v. Summerlin, 1940, 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283, which holds that laches is no defense against the United States. Petitioner attempts to distinguish the Summerlin case on the ground that "there the defense of laches did not also raise a constitutional issue." This attempt to thus distinguish Summerlin has no validity because there is no deprivation of constitutional rights in the instant case. The claim of laches made here is based on the ground that the government destroyed forms and accompanying instruction booklets for years preceding 1950; that such pamphlets if available would have shown that there was no express instruction in them with regard to the filing of declarations of estimated tax as has been contained in such pamphlets since 1950; and that he was, therefore, justified in believing that he was not required to file declarations in 1952 and 1953. If it be granted that the production of these pamphlets would show what is claimed for them, the absence of ex-

press instructions on the point would not excuse ignorance of the unambiguous requirement contained in § 58 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 58.

[redacted] We see no merit in petitioner's contention that he should be excused from the payment of the additional tax because had demands for the statutory penalty been made earlier he would have been required to pay less. No such shift in responsibility can be sanctioned. Petitioner could have avoided all liability by complying with a statutory requirement which he should have known existed.

The case is remanded to the Tax Court with instructions that it strike from its judgment all penalties added under § 294(d)(2), and, as thus amended, the judgment of the Tax Court is affirmed.