SONEL RESEARCH AND DEVELOPMENT, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sonel Research & Dev. v. Commissioner
Docket No. 3554-72.
United States Tax Court
T.C. Memo 1975-235; 1975 Tax Ct. Memo LEXIS 137; 34 T.C.M. (CCH) 1021; T.C.M. (RIA) 750235; July 16, 1975, Filed *137 W. Vaughn Ellsworth, for the petitioner. Harry Beckhoff, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency of $60,482.93 in petitioner's 1968 calendar year Federal income tax. The issue before us is whether respondent erred in disallowing the following items claimed as deductions on petitioner's 1968 return: travel expenses, subcontract and service fees, research expenses, and a net operating loss carryover from petitioner's 1967 taxable year. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Sonel Research and Development, Inc. (Sonel or petitioner), is an Arizona corporation which filed its cash basis 1967 calendar year corporate income tax return with the District Director of Internal Revenue, Phoenix, Arizona. It filed its 1968 return, also on the cash basis, with the Director of the Western Service Center in Ogden, Utah. When it filed these returns, Sonel's principal place of business was located in Mesa, Arizona. By the time of the filing of the petition herein, however, Sonel had become inactive, although it had not been legally dissolved under *138 Arizona law. From the date of its incorporation, on April 13, 1967, until sometime in the spring of 1970, Sonel was an active corporation whose principal business activity was research and development. The company, through its own employees and third-party subcontractors, worked on projects involving copper recovery, the manufacture of fiberglas pipes and tanks and machinery to construct them, and on other projects in the fields of mining and chemistry. In connection with certain of these projects, company employees would travel to the actual work sites to supervise or carry out particular tasks. While Sonel maintained books and records of its operations, these were not produced at trial for the verification of any of the disputed expenses. The record stands barren of any evidence which could be of assistance in determining which of the above-described projects were being carried on in 1968, what amount of expense was incurred on particular projects, or even what amount, on an average, was incurred by Sonel on individual projects, in 1968 or any other year. On its 1968 corporate income tax return, Sonel claimed the following as expenses incurred in its trade or business: Car expenses
2,144.06
Insurance
1,156.29
Interest
1,847.50
Traveling expenses
6,043.72
Repairs and Supplies
3,469.56
Miscellaneous
4,967.73
Subcontracts and services fees
39,579.21
Research
52,297.15
Wages
25,124.57
Telephone and Utilities
4,317.34
Rent
3,250.00
Rental Equipment
3,273.74
Payroll Taxes
2,470.04
Materials
8,030.79
Taxes
118.23
Legal
144.00
Depreciation - Schedule
341.50
158,575.43
*139 Petitioner also claimed a loss carryover from its 1967 taxable year. In his statutory notice of deficiency, respondent disallowed in full all expenses claimed for traveling, research, and subcontracts and service fees. He further determined that petitioner was not entitled to a loss carryover from 1967. OPINION On its 1968 corporate income tax return, petitioner took deductions for travel, research, subcontracts and service-fees expenses, and for a net operating loss carryover from 1967. Respondent having determined that petitioner may not deduct any amount of such claimed items, it becomes petitioner's burden to demonstrate its entitlement to some or all of the deductions taken. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Instead of producing its original books and records for the purpose of substantiating the deductions claimed, petitioner paraded numerous ex-corporate officers and ex-employees of Sonel past the court during the trial of the instant case. Each testified, but in the most general terms, that petitioner had indeed been involved in research during its approximately three years of active *140 existence, and that officers of the company had traveled in connection with Sonel's business. We find such general statements entirely insufficient to establish Sonel's entitlement to deductions for the items claimed in the year before us. None of petitioner's witnesses could testify to the specific year in which a specific project was carried out or to the specific year in which a particular trip was taken in connection with a project. We might very well have attempted to make some sort of approximation of petitioner's expenses for 1968 had its witnesses testified about the costs of individual projects, even if the actual year involved had not been specified with precision. [1] This, too, however, petitioner failed to elicit from its witnesses. Thus, it is our finding that petitioner has failed to carry its burden of proof in the instant case and we uphold respondent's disallowances of the deductions claimed for alleged travel, research, subcontracts and service fees expenses. *141 We must reach the same result as to petitioner's claim to a net operating loss carryover from its 1967 taxable year. At best, petitioner's witnesses established that Sonel experienced a cash drain in 1967. This is simply not enough to prove that Sonel had a net operating loss for tax purposes in that year. Petitioner argues that respondent's disallowances were arbitrary and capricious, and hence that it was respondent's burden to show that petitioner was not entitled to deduct the items in dispute. See Helvering v. Taylor,293 U.S. 507, 514-516 (1935). Suffice it to say that we find not a shred of evidence in the record to support petitioner's allegation, and that it thus remained petitioner's burden to substantiate the deductions, a burden petitioner has failed to carry. Petitioner also made a number of constitutional arguments directed more against the Court than against respondent. He first argued that the seventh amendment of the Constitution provides him with the right to a jury trial in the Tax Court. We stand by our decision in Emma R. Dorl,57 T.C. 720, 722 (1972), however, that there is no right to a jury trial in this Court. See Wickwire v. Reinecke,275 U.S. 101, 105 (1927); *142 Olshausen v. Commissioner,273 F. 2d 23, 26-27 (9th Cir. 1959), affirming, in part, a Memorandum Opinion of this Court, cert. denied 363 U.S. 820 (1960). Petitioner further argues that this Court, because of its exercise of judicial power, stands in violation of Article III of the Constitution. Again, however, we have previously considered and rejected this argument. Burns, Stix Friedman & Co.,57 T.C. 392 (1971). Petitioner, at the trial and in his briefs, advanced numerous other arguments of a highly frivolous nature. We think no useful purpose would be served by responding to them here. Decision will be entered for the respondent.
Footnotes
1. It is to be noted that respondent did not challenge deductions of over $25,000 for "wages," and of over $8,000 for "materials." Before we could attempt an approximation of the disallowed items, we would have to have some evidence as to within which expense categories petitioner placed different items of cost arising from a particular project. Again, the record is devoid of such evidence.↩