JOHN H. GILES AND MARILYN R. GILES, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Giles v. Commissioner
Docket Nos. 9782-75, 2780-76, 2783-76, 2828-76, 2829-76, 2830-76, 2831-76, 2832-76, 2833-76, 2838-76, 2842-76, 2843-76, 2844-76, 2845-76.
United States Tax Court
T.C. Memo 1977-278; 1977 Tax Ct. Memo LEXIS 161; 36 T.C.M. (CCH) 1118; T.C.M. (RIA) 770278; August 22, 1977, Filed Ralph W. Jones, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: These cases were assigned to Special Trial Judge J. M. Gussis pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, as amended, and to Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined the following deficiencies in income tax and additions to tax: *162 Additions to
Income Tax
Tax - section Docket No.
Year
Deficiency
6653(a)
9782-75
1972
$ 167.22
$ 8.36
1973
432.62
21.63
2780-76
1972
561.90
28.09
1973
150.77
7.53
2783-76
1972
739.00
36.95
1973
783.00
39.15
2828-76
1972
878.27
43.91
1973
641.14
32.05
2829-76
1973
865.00
0
2830-76
1972
119.00
5.95
2831-76
1972
502.35
25.11
1973
628.54
31.42
2832-76
1972
285.00
14.25
1973
232.00
11.60
2833-76
1972
699.00
34.95
1973
708.00
35.40
2838-76
1972
349.28
17.46
1973
542.80
27.14
2842-76
1972
200.18
10.00
1973
327.70
16.38
2843-76
1972
427.00
21.35
1973
571.00
28.55
2844-76
1972
500.81
25.04
1973
548.00
27.40
2845-76
1972
694.50
34.72
1973
1,020.28
51.01
Respondent, in the answers filed in these cases, also alleged that a part of the underpayment for each of the taxable years involved was due to fraud within the meaning of section 6653(b) of the Internal Revenue Code of 1954. [3] Respondent has now conceded that none of the petitioners here involved is liable for the fraud penalty under section 6653(b) in any of the *163 taxable years here involved.The remaining issues in each of these cases (which have been consolidated for purposes of trial, briefing and opinion) are (1) whether respondent correctly determined the amount of tip income received by the petitioners in the taxable years involved; and (2) whether petitioners (with the exception of petitioners in Docket No. 2829-76) are liable for the addition to tax in the years involved for negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). The petitioners in these cases failed to appear when the cases were called from the trial calendar at Pocatello, Idaho on July 18, 1977. Respondent orally moved that the cases be dismissed for petitioners' failure to properly prosecute their petitions. Respondent filed a Motion for Partial Summary Judgment in each of these consolidated cases except Docket No. 9782-75. In view of respondent's subsequent motions to dismiss made at the Session of the Court in Pocatello on July 18, 1977, the earlier Motions for Partial Summary Judgment are rendered moot. Petitioners in some of the *164 cases here involved served a written request for admissions on respondent pursuant to Rule 90 of the Tax Court Rules of Practice and Procedure.Respondent filed a Motion for Protective Order in each of the said cases. This Court subsequently granted respondent's motions and in the interest of expeditiously processing these cases to trial further ordered, pursuant to the provisions of Rules 101 and 103 of the Tax Court Rules of Practice and Procedure, that no party to any of the enumerated cases may proceed under Rules 70 through 72, inclusive, or Rule 90 of the Court's Rules of Practice and Procedure unless specifically authorized to do so by Order of this Court. The Court also ordered that the parties to these cases were expected to comply fully with Rule 91 of the Court's Rules of Practice and Procedure (the requirement of stipulation for trial).[4] On May 12, 1977 this Court denied the Motion to Vacate and/or Set Aside Respondent's Motion for Protective Order filed by the petitioners in each of said cases. *165 On July 15, 1977, immediately prior to the date set for the trial of these cases in Pocatello (Monday, July 18, 1977), petitioners in each of these consolidated cases filed a Motion and Demand for Continuance of the trials of said cases. [5] Under these circumstances, the Court denied said motions on July 18, 1977. In their petitions filed with this Court the petitioners have made various allegations regarding their constitutional rights. Many of the allegations are extremely nebulous and their relevance to these proceedings can only be regarded as conjectural. At the outset, we must point out that the constitutionality of the income tax was early upheld by the Supreme Court. Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916). Petitioners' allegation that they received no "dollars" in the constitutional *166 sense which could be subject to the income tax laws is clearly without merit. Cupp v. Commissioner, 65 T.C. 68 (1975), affd.     F.2d     (3d Cir. 1977); Bates v. United States, 108 F.2d 407 (7th Cir. 1939). Petitioners' contention that they are entitled to a jury trial before the United States Tax Court is likewise without merit. Swanson v. Commissioner, 65 T.C. 1180 (1976); Cupp v. Commissioner, supra.In the Swanson case this Court stated that a taxpayer has no right either under the seventh amendment to the Constitution or under statutory law to a jury trial in the United States Tax Court. [6] The constitutional rights of the petitioners are not violated by requiring them to show error in the respondent's determinations of the deficiencies here involved. Hartman v. Commissioner, 65 T.C. 542, 547 (1975); Roberts v. Commissioner, 62 T.C. 834, 838 (1974). Here, the principal issue in each of these cases involves a purely factual determination, i.e., whether respondent correctly determined the amount of tip income received by the respective petitioners. In this context *167 the burden of proof clearly rests with petitioners. Rule 142, Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). We should also point out that in the absence of records of tip income kept by petitioners the respondent was entitled to reconstruct tip income for the taxable years involved. Meneguzzo v. Commissioner, 43 T.C. 824 (1965). *168 Petitioners also demand counsel of their own choosing contrary to Rule 24 of the Court's Rules of Practice and Procedure which states the requirements for entry of appearance by counsel. In Cupp v. Commissioner, supra, the Tax Court stated at page 85: "The requirement that only qualified persons are permitted to represent litigants before this Court is for the protection of litigants by insuring that only persons able to properly represent a party appear for him." We note, in addition, that under our Rules the petitioners had a full right and opportunity to represent themselves and to be heard.Rule 24(b) of the Court's Rules of Practice and Procedure.Against this background, we must conclude that no rights of petitioners are violated by the application of said rule of the Court. Finally, petitioners make certain allegations against respondent and demand monetary judgment and other redress.The jurisdiction of the Tax Court, which was not changed by the Tax Reform Act of 1969, relates principally to redetermining deficiencies in Federal income, estate and gift taxes. Burns, Stix Friedman & Co. v. Commissioner, 57 T.C. 392 (1971). We have no *169 power or authority to deal with the non-tax matters which form the crux of petitioners' allegations against respondent. Under these circumstances, we have no alternative but to grant respondent's motions to dismiss for failure to properly prosecute. Appropriate orders and decisions will be entered. Footnotes
1. Cases of the following petitioners are consolidated herewith: John T. and Violet L. Wade, docket No. 2780-76; Farrol S. Watson, docket No. 2783-76; Lucille Messenger, docket No. 2828-76; Keith H. and Opal M. Freeman, docket No. 2829-76; Lois Donnafield, docket No. 2830-76; Patricia J. Leavitt, docket No. 2831-76; Beth G. Herbert, docket No. 2832-76; La Rue S. Strand, docket No. 2833-76; Lester J. Smith and Lois M. Smith, docket No. 2838-76; Earl and Veronica Ritchie, docket No. 2842-76; Ruth A. Beckstead, docket No. 2843-76; Rex Ballard & Beulah Ballard, docket No. 2844-76; and Curtis and Dorothy Rutledge, docket No. 2845-76.↩
2. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. In Branerton Corp. v. Commissioner, 61 T.C. 691 (1974) this Court placed strong emphasis on the importance of informal consultation by the parties. In granting respondent's motion for a protective order under Rule 103 we noted at page 692: The discovery procedures should be used only after the parties have made reasonable informal efforts to obtain needed information voluntarily. For many years the bedrock of Tax Court practice has been the stipulation process, now embodied in Rule 91. Essential to that process is the voluntary exchange of necessary facts, documents, and other data between the parties as an aid to the more expeditious trial of cases as well as for settlement purposes. The recently adopted discovery procedures were not intended in any way to weaken the stipulation process. [Fn. ref. omitted.]↩
5. On July 12, 1977 all of the individuals who are petitioners in these consolidated cases joined in Civil Actions No. 77-4059 and No. 77-4060 in the United States District Court for the District of Idaho. These civil actions were entitled "Complaint and Petitions in the Nature of Mandamus or in the Alternative Prohibition and for Declaratory and Injunctive Relief."↩
6. In Olshausen v. Commissioner, 273 F.2d 23 (9th Cir. 1959) the Court of Appeals stated: Having taken advantage of the deficiency notice procedure by filing a petition in the Tax Court without paying the tax first, petitioner now makes the claim that he was deprived thereby of a jury trial. Such deprivation was due to his own act. If he desired a jury trial, he should have paid the tax first and then sued for a refund in the district court. There is no right to a jury trial without paying first as a statutory matter ( Flora v. United States, 1958, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165) and no right to a jury trial at all in tax matters as a constitutional requirement ( Wickwire v. Reinecke, 1929, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184↩). * * *