EDWARD S. and ELEANOR MENSIK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mensik v. Commissioner
Docket No. 5366-78.
United States Tax Court
T.C. Memo 1979-4; 1979 Tax Ct. Memo LEXIS 520; 38 T.C.M. (CCH) 11; T.C.M. (RIA) 79004; January 3, 1979, Filed *520 Ps' petition contained no allegations of error in the deficiencies or additions to tax determined by the Commissioner. At a hearing in the case, Ps refused to amend their petition or to contest the merits of the Commissioner's determinations. Held, the Commissioner's motion to dismiss for failure to state a claim upon which relief can be granted is granted. Edward S. Mensik and Eleanor Mensik, pro se. Mark D. Petersen, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' 1976 Federal income tax: Additions to Tax
Sec. 6651 (a)
Sec. 6653 (a)
Sec. 6654 Petitioner
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954
I.R.C. 1954
Edward S. Mensik
$ 1,359.33
$ 339.23
$ 67.97
$ 50.52
Eleanor Mensik
1,246.00
310.90
62.30
46.29
The petitioners, Edward S. and Eleanor Mensik, husband and wife, resided in Texas at the time they filed their petition in this case. On April 15, 1977, each petitioner filed a separate Form 1040 with the Internal Revenue Service Center, Austin, Tex., in which they indicated that their filing status was "Married *522 filing separately." Except for their names, addresses, signatures, and indicating that each received wages, salaries, tips, and other employee compensation under 740 "Constitutional Dollars," the petitioners refused to fill out the returns and answer any questions because to do so would allegedly infringe upon their rights under the 1st, 4th, 5th, 7th, 8th, 9th, 13th, 14th, and 16th Amendments to the Constitution. During November 1977, the Commissioner attempted to arrange two conferences with the petitioners for the purpose of computing their incomes and preparing tax returns, but they refused to cooperate. On February 21, 1978, the Commissioner issued a deficiency notice to each petitioner in which he reconstructed their community income and deductions based on available records. On May 22, 1978, the petitioners filed a joint petition with this Court titled "Plea in Abatement." In such petition, they claimed they were "appearing specially and not generally" to contest the Court's jurisdiction because they are allegedly "being forced to proceed as petitioners in the Tax Court or pay a sum of money to the Respondent, when the Respondent has a remedy available to him at law. *523 " The petitioners also alleged the deficiency notices are invalid because they neglected to mention that the petitioners filed tax returns. The petition contains no allegations of specific errors committed by the Commissioner in his determination of deficiencies and additions to tax. On July 7, 1978, the Commissioner filed a "Motion to Dismiss Based Upon A Failure to State A Claim Upon Which Relief Can Be Granted." By order dated July 11, 1978, the petitioners were directed to file a proper amended petition on or before July 28, 1978, or to show cause at a hearing why the Commissioner's motion should not be granted. The petitioners filed no amended petition, and a hearing was held at Dallas, Tex., on October 23, 1978, during the course of which the petitioners contested this Court's jurisdiction, demanded a trial by jury by a common law Federal court, and contended that this proceeding violated their Fourth and Fifth Amendment rights. The Court informed the petitioners that such issues had been raised without success on numerous occasions and strongly urged them to contest the deficiencies and additions to tax on the merits if there was any basis for doing so. The petitioners *524 declined the Court's invitation, stating that they would "not be drawn into conversation" with the Court. Except as otherwise provided by statute or determined by this Court, the petitioners bear the burden of proving that the Commissioner's deficiency determinations are erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). In addition, the petitioners also must prove they do not owe the additions to tax under sections 6651(a), 6653(a), and 6654. Vaira v. Commissioner,444 F. 2d 770 (3d Cir. 1971), affg. on this issue 52 T.C. 986 (1969); Hatfield v. Commissioner,68 T.C. 895, 898 (1977); Bixby v. Commissioner,58 T.C. 757 (1972); Rosano v. Commissioner,46 T.C. 681 (1966). Here, the petitioners have not, in their petition, contested the merits of the deficiency determinations, nor have they questioned the merits of the additions to tax under sections 6653(a) and 6654. They do object to the imposition of the additions to tax under section 6651(a), because they claim they filed tax returns. However, under section 6012, it is *525 clear that the petitioners were required to file a tax return; it is likewise clear that Forms 1040 which disclose no information other than the petitioners' names, addresses, and the outside limit on the number of "Constitutional Dollars" earned by them do not constitute "returns" within the meaning of section 6012. Commissioner v. Lane-Wells Co.,321 U.S. 219 (1944); Hatfield v. Commissioner,supra at 898; Cupp v. Commissioner,65 T.C. 68, 79-80 (1975), affd. 559 F. 2d 1207 (3d Cir. 1977). Hence, the petitioners did not file, nor did they offer any explanation for failing to file, their 1976 tax returns. Sec. 6651(a); see Electric & Neon, Inc. v. Commissioner,56 T.C. 1324 (1971), affd. without opinion 496 F. 2d 876 (5th Cir. 1974); Zivnuska v. Commissioner,33 T.C. 226, 239 (1959); Estate of Derby v. Commissioner,20 T.C. 164, 170 (1953). Accordingly, the deficiency determinations and the additions to tax under sections 6651(a), 6653(a), and 6654 must be sustained. The petitioners contend that this Court lacks jurisdiction, that they are entitled *526 to a jury trial by a Federal common law court, that Federal Reserve notes are not legal tender, and that their Fourth and Fifth Amendment rights have been violated. [2]
In Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971), we held the United States Tax Court to be constitutionally created and empowered to exercise the jurisdiction conferred upon it by Congress. The Tax Court is a court of law, not equity, and has the constitutional authority to hear and determine tax controversies. Burns, Stix Friedman & Co. v. Commissioner,supra.Moreover, the issuance of deficiency notices did not force the taxpayers to become petitioners in the Tax Court; if they did not wish to litigate their tax controversy before this Court, they could have paid the deficiencies *527 and filed suits for a refund in the United States District Court or the United States Court of Claims.See Judiciary and Judicial Procedure, 28 U.S.C. secs. 1340, 1346, 1491 (1970); see also sec. 7422. Furthermore, the petitioners have no right to a trial by jury in the Tax Court ( Olshausen v. Commissioner,273 F. 2d 23, 27 (9th Cir. 1959), affg. on this issue a Memorandum Opinion of this Court, cert. denied 363 U.S. 820 (1960); Swanson v. Commissioner,65 T.C. 1180 (1976); Cupp v. Commissioner,65 T.C. at 86), and once the petitioners have elected to contest the deficiency determinations by invoking this Court's jurisdiction, "any deprivation of a jury trial is due to * * * [their] own act." Cupp v. Commissioner,65 T.C. at 86. In addition, it has been repeatedly held that Federal Reserve notes constitute legal tender which must be reported on a taxpayer's return in accordance with his method of accounting; and the courts have uniformly rejected, in a summary fashion, all arguments to the contrary. Hatfield v. Commissioner,68 T.C. at 897, and the cases cited *528 therein. Moreover, we find no merit in the petitioners' Fourth and Fifth Amendment objections. Though they do not state the specific bases for their objections, it is clear that the requirement of filing tax returns and the Commissioner's reconstruction of their incomes in this case have, in no manner, violated the petitioners' Fourth and Fifth Amendment rights. See Cupp v. Commissioner,65 T.C. at 81-82, and the cases cited therein. In summary, the petitioners have failed in their petition to set forth a claim upon which relief can be granted, despite the fact that the Court has provided them with repeated opportunities to do so; accordingly, the Commissioner's motion will be granted. An appropriate order and decision will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue, unless otherwise indicated.↩
2. Although the petitioners on their Forms 1040 objected to reporting their incomes because of, inter alia, their rights under the 1st, 7th, 8th, 9th, 13th, 14th, and 16th Amendments, they never raised these arguments in their petition or during the trial of this case; thus, we consider them to have been abandoned. See Hatfield v. Commissioner,supra↩.