MARVIN S. BENDICKSON, Petitioner v. COMMISIONER OF INTERNAL REVENUE, Respondent; DAISY LEE BENDICKSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
BENDICKSON v. COMMISIONER
Docket Nos. 4836-77, 5125-77.
United States Tax Court
1979 Tax Ct. Memo LEXIS 458; 38 T.C.M. (CCH) 290; February 28, 1979, Filed Marvin S. Bendickson, pro se. Matthew W. Stanley, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income taxes and additions to taxes in these consolidated cases as follows: Additions to Tax Petitioner
Year
Deficiency
Sec. 6651(a) Sec. 6653(a)
Marvin S. Bendickson
1972
$1,646.00
$411.50
$ 82.30
1973
1,099.27
274.82
54.96
1974
1,082.22
256.84
54.11
1975
2,960.90
740.22
148.04
Daisy Lee Bendickson
1972
971.00
242.75
48.55
1973
334.00
83.50
16.70
1974
392.00
84.28
19.60
1975
1,847.00
461.75
92.35
On December 18, 1978, these cases came on for hearing. There was no appearance by or on behalf of petitioners. However, on the day of the hearing petitioners *459 did file with the Court a document labeled, "Petitioners Disclaimer of Unlawful Equity--Judge/Chancellor Jurisdiction--Demand for Common Law Trial--Judicial Notice." Respondent appeared by his counsel and submitted a written motion to dismiss for lack of prosecution. At the conclusion of the hearing, the motion was taken under advisement. At the time of filing their petitions herein, petitioners, Marvin S. and Daisy Lee Bendickson, resided in Moses Lake, Wash.
In their petitions, as well as in their "disclaimers", petitioners do not contest the merits of the deficiencies or the additions to tax. Instead, they make the following arguments: (1) this Court is unconstitutional and, therefore, lacks jurisdiction over their cases; (2) they have been deprived of a right to a jury trial guaranteed by the Seventh Amendment; (3) that the burden of proof has been unconstitutionally placed on them; and (4) the requirement that they stipulate to facts violates the Fifth Amendment privilege against self-incrimination. These contentions have been discussed and rejected in numerous prior opinions of this and other courts. Nash Miami Motors, Inc. v. Commissioner,358 F.2d 636, 638 (5th Cir. 1966), *460 affg. a Memorandum Opinion of this Court, cert. denied 385 U.S. 918 (1966) (constitutionality of Tax Court); Olshausen v. Commissioner,273 F.2d 23, 27 (9th Cir. 1959), affg. a Memorandum Opinion of this Court, cert. denied 363 U.S. 820 (1960) (jury trial); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975), affg. a Memorandum Opinion of this Court (burden of proof), cert. denied 423 U.S. 1015 (1975); and Wilkinson v. Commissioner, 71 T.C.     (Jan. 25, 1979) (self-incrimination). Since petitioners have failed to appear and present any evidence in support of their position, we have no alternative but to grant respondent's motion to dismiss for failure to prosecute. Accordingly, the deficiencies in petitioners' Federal income taxes and the additions to taxes determined by respondent are hereby sustained. To reflect the foregoing, Appropriate orders and decisions will be entered.