MARTIN J. UECKERT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ueckert v. Commissioner
Docket No. 21315-80.
United States Tax Court
T.C. Memo 1983-54; 1983 Tax Ct. Memo LEXIS 732; 45 T.C.M. (CCH) 602; T.C.M. (RIA) 83054; January 31, 1983. Martin J. Ueckert, pro se. Randy G. Durfee, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [1]
1976
$4,200.03
$1,050.01
$210.00
$156.42
1977
4,092.30
1,023.08
204.62
145.63
*734 The issues for decision are (1) whether, in the absence of adequate records, respondent correctly determined petitioner's taxable income for 1976 and 1977 by the bank deposit method; (2) whether petitioner, relying on a general Fifth Amendment claim, failed to carry his burden of proving error in respondent's deficiency determinations; and (3) whether petitioner is liable for the additions to tax under sections 6651(a), 6653(a) and 6654. No facts have been stipulated. Consequently, the pertinent facts, as contained in this record and the pleadings, are summarized below. Petitioner resided in Beach, North Dakota, at the time he filed his petition in this case.
During the years 1976 and 1977 the petitioner was a self-employed custom operator who performed services for farmers in the Beach, North Dakota, area. In those years he maintained a bank account (No. 5467-4) at the Farmers and Merchants Bank in Beach to which he made periodic deposits totaling $17,224.76 in 1976 and $15,801.68 in 1977. On April 15, 1977, petitioner *735 filed with the Internal Revenue Service at Ogden, Utah, a Form 1040 for 1976 on which he reported no income, credits, deductions or tax liability. On each pertinent line of the Form 1040 appears the word "object." Attached thereto are 47 pages of materials raising various constitutional objections. By a subsequent letter dated April 14, 1978, petitioner requested that the Form 1040 be amended by deleting the 47 pages and substituting therefor a 12 page memorandum attached to his Form 1040 for the year 1977. On or about April 15, 1978, petitioner filed with the Internal Revenue Service at Ogden, Utah, a Form 1040 for 1977 on which he reported no income credits, deductions or tax liability. On each pertinent line of the form appears the word "object" and on page 2 thereof appears the following statement: "The entry (object) indicates that I assert my privilege to the Fifth Amendment. The attached twelve pages of memoranda are to be considered a part of this return." The two Forms 1040 for 1976 and 1977 were not accepted by the Internal Revenue Service as valid Federal income tax returns. Since the petitioner either failed to keep adequate records of his income and expenses or *736 refused to make them available to respondent's agents, the taxable income of petitioner was determined by the bank deposit method. [2] After allowing for nontaxable deposits and cash withheld, respondent determined that the petitioner had taxable income of $14,949.76 in 1976 and $14,712.68 in 1977. Respondent allowed a standard deduction and a zero bracket amount, as the case may be, of $1,400 and a personal exemption of $750. *737 On April 19, 1982, the Chief Judge denied petitioner's request for a grant of immunity because this Court has no authority to provide petitioner with immunity in this proceeding. See Hartman v. Commissioner,65 T.C. 542, 547-548 (1975). The Court also denied petitioner's motion for summary judgment based on Fourth and Fifth Amendment claims, and his motion for continuance. There is no evidence herein that petitioner's Fourth Amendment rights have been violated. Requiring a taxpayer to produce records or face dismissal constitutes no invasion of privacy or unlawful search or seizure. Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982). We reject his Fifth Amendment claim. The privilege against self-incrimination under the Fifth Amendment to the United States Constitution does not apply where the possibility of criminal prosecution is remote or unlikely, and remote or speculative possibilities of prosecution for unspecified crimes are not sufficient. Rechtzigel v. Commissioner,79 T.C. 132 (1982), on appeal (8th Cir., Aug. 30, 1982); Reiff v. Commissioner,77 T.C. 1169, 1174 (1981); McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), *738 on appeal (9th Cir., Sept. 15, 1981); Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979); Ryan v. Commissioner,67 T.C. 212, 217 (1976), affd. 568 F.2d 531, 539 (7th Cir. 1977); Roberts v. Commissioner,62 T.C. 834, 837-838 (1974); Figueiredo v. Commissioner,54 T.C. 1508, 1511-1512 (1970), affd. in an unpublished order (9th Cir., March 14, 1973). Here the Court is satisfied that any possible danger of self-incrimination for a tax or nontax crime is so remote and so speculative that it cannot support a Fifth Amendment claim. We also think his Fifth Amendment claim is frivolous since respondent's counsel represented to the Court that no criminal tax prosecution of petitioner has been recommended and no such action is contemplated. See Edwards v. Commissioner,supra;United States v. Johnson,577 F.2d 1304, 1311 (5th Cir. 1978). Petitioner urges that his actions were based upon his belief that any rules or regulations requiring him to make any statement which he felt was self-incriminating would undermine *739 the interpretation given to the Fifth Amendment.It is well settled that a taxpayer's privilege against self-incrimination under the Fifth Amendment is not violated by the requirement that he file income tax returns in accordance with the provisions of the Internal Revenue Code and respondent's regulations. United States v. Johnson,577 F.2d 1304, 1311 (5th Cir. 1978); Cupp v. Commissioner,65 T.C. 68, 79 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). Petitioner has the burden of proving that respondent's determination with respect to the deficiencies is wrong. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.[3] He has introduced no evidence and he has failed to carry his burden. Therefore, we sustain respondent's determination. *740 In his brief the petitioner has advanced other arguments which lack merit.Petitioner was a "person" required by section 6012(a) to file Federal income tax returns for 1976 and 1977. See section 7701(a)(1) and (14). Respondent determined deficiencies and issued a valid notice pursuant to sections 6211 and 6212, and the petitioner filed a timely petition invoking the jurisdiction of this Court. Section 6213; Dorl v. Commissioner,57 T.C. 720 (1972), affd. per curiam 507 F.2d 406 (2d Cir. 1974). Contrary to petitioner's belief, the system of voluntary self-assessment does not prohibit respondent from determining deficiencies. Cf. United States v. Bisceglia,420 U.S. 141, 145-146 (1975). Nor does the Sixteenth Amendment to the United States Constitution excuse the petitioner from filing income tax returns. The Federal income tax is constitutional. Brushaber v. Union Pacific R.R. Co.,240 U.S. 1 (1916). The other issues to be decided are whether the petitioner is liable for additions to tax under sections 6651(a), 6653(a), and 6654. Section 6651(a) provides for an addition to tax when a return is not timely filed, *741 unless the failure to do so is shown to be due to reasonable cause; section 6653(a) provides for an addition to tax where an underpayment of tax is due to negligence or intentional disregard of rules and regulations; and section 6654 provides for an addition to tax for underpayments of estimated tax. Since the respondent determined that the petitioner is liable for such additions to tax, the petitioner must carry the burden of proving that he is not so liable. See BJR Corp. v. Commissioner,67 T.C. 111, 131 (1976); Enoch v. Commissioner,57 T.C. 781, 802 (1972). Petitioner introduced no evidence to justify his failure to file returns for 1976 and 1977. In order for a document to constitute a valid return it must contain sufficient information for the Commissioner to compute and assess the liability with respect to a particular tax of a taxpayer. Automobile Club of Mich. v. Commissioner,353 U.S. 180, 188 (1957); Florsheim Bros. Drygoods Co. v. United States,280 U.S. 453 (1930); United States v. Edelson,604 F.2d 232 (3d Cir. 1979); United States v. Johnson,577 F.2d 1304, 1311 (5th Cir. 1978); *742 United States v. Daly,481 F.2d 28 (8th Cir. 1973); and Reiff v. Commissioner,77 T.C. 1169 (1981). The disclosure of such data must be provided in a uniform, complete, and orderly fashion. Commissioner v. Lane-Wells Co.,321 U.S. 219, 223 (1944). Furthermore, a Form 1040 does not qualify as a return where it does not specifically state the items of gross income and the deductions and credits claimed by the taxpayer. See United States v. Moore,627 F.2d 830 (7th Cir. 1980); Sanders v. Commissioner,21 T.C. 1012 (1954), affd. 225 F.2d 629 (10th Cir. 1955); see also United States v. Johnson,supra.
It is clear from this record that the Forms 1040 filed by the petitioner fall far short of constituting returns. Furthermore, he has shown no "bona fide misunderstanding as to his liability for the tax, [or] as to his duty to make a return." United States v. Murdock,290 U.S. 389, 396 (1933). His vague assertion of constitutional violations and his erroneous interpretation of existing case law simply do not convince us that his failure to file was *743 due to reasonable cause. See Muste v. Commissioner,35 T.C. 913 (1961); see also Richardson v. Commissioner,72 T.C. 818 (1979); Hatfield v. Commissioner,68 T.C. 895 (1977). Therefore, we sustain the additions to tax under section 6651(a). Petitioner also failed to show that his underpayments of taxes were not due to negligence or intentional disregard of rules and regulations. Courtney v. Commissioner,28 T.C. 658, 669-670 (1957). Nor did he show that he did not underpay his estimated taxes.Consequently, we sustain the additions to tax under sections 6653(a) and 6654. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩
2. Here respondent's method of determining the petitioner's income is reasonable. Taxpayers are required by section 6001 to keep records of their income sufficient to show whether they are liable for any tax. If they fail to keep the required records, or the records kept do not clearly reflect income, the Commissioner is authorized by section 446 to compute income in accordance with such method as in his opinion does clearly reflect income. Sutherland v. Commissioner,32 T.C. 862 (1959). In the absence of adequate records, use of the bank deposit method has long been a permissible method of indirectly determining income. See and compare Gleckman v. United States,80 F.2d 394, 399 (8th Cir. 1935); Marcello v. Commissioner,380 F.2d 494, 497 (5th Cir. 1967); United States v. Morse,491 F.2d 149, 151-152 (1st Cir. 1974); United States v. Stein,437 F.2d 775, 779 (7th Cir. 1971); Calhoun v. United States,591 F.2d 1243, 1245 (9th Cir. 1978); Harper v. Commissioner,54 T.C. 1121, 1128-1129↩ (1970).
3. Petitioner's assertion that respondent must bear the burden of proof is incorrect. Wilkinson v. Commissioner,71 T.C. 633, 638-639 (1979). Nor is he entitled, as he claims, to a jury trial in the Tax Court. See Olshausen v. Commissioner,273 F.2d 23 (9th Cir. 1959); Swanson v. Commissioner,65 T.C. 1180↩ (1976).