T.C. Memo. 1996-198


UNITED STATES TAX COURT


RUTH R. JOHNSON-STRAUB, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26116-95.                    Filed April 23, 1996.


Ruth R. Johnson-Straub, pro se.

<u>Jordan S. Musen</u>, <u>Terry W. Vincent</u>, and <u>Richard S. Bloom</u>, for respondent.


MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of

This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim, as supplemented, filed pursuant to Rule 40.

Petitioner resided in Cleveland, Ohio, at the time that the petition was filed with the Court.

Respondent's Notice of Deficiency

Respondent issued to petitioner a notice of deficiency dated September 13, 1995, in respect of the taxable year 1993, and a notice of deficiency dated November 8, 1995, in respect of the taxable year 1992. In said notices, respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax:

| Year | Deficiency | Additions to tax | |
|------|-----------|-----------------|---------------|
| | | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1992 | $4,904 | $182.50 | --- |
| 1993 | 7,775 | 875.00 | $126.71 |

The deficiencies in income taxes are based on respondent's determination that petitioner failed to report income as reflected in the following schedules:

---

Practice and Procedure.

| 1992 | | |
|---|---|---|
| Income | Payor | Amount |
| Wages[1] | University Hospitals of Cleveland, Ohio | $33,356 |

[1]Respondent has given petitioner credit for amounts withheld from petitioner's taxes insofar as petitioner's ultimate tax liability is concerned.  However, the determination of a statutory deficiency does not take such amounts into account. See sec. 6211(b)(1).

| 1993 | | |
|---|---|---|
| Income | Payor | Amount |
| Wages[1] | University Hospitals of Cleveland, Ohio | $34,705 |
| Self-employment income[2] | A.F. Feo, PhD & Assoc. | 6,547 |

[1]See supra note 1.

[2]The deficiency in income tax for 1993 includes self-employment tax pursuant to sec. 1401.

The additions to tax under section 6651(a)(1) are based on respondent's determination that petitioner's failure to timely file income tax returns for the taxable years in issue was not due to reasonable cause.  Finally, the addition to tax under section 6654(a) is based on respondent's determination that petitioner failed to pay the required amount of estimated taxes for 1993.

Petitioner's Petition

Petitioner filed her petition, a 23-page typewritten document, on December 15, 1995.  The crux of petitioner's position appears to be that respondent acted illegally, and in

contravention of her constitutional rights, by determining

deficiencies in her income taxes for the taxable years in issue.

Thus, the petition includes the following allegations:

> 7.  That Respondent did further, in violation of law, and Petitioner's Constitutional right to Due Process of Law, tell Petitioner to Petition tax court for a redetermination of the alleged deficiency.
>
> 8.  That Respondent did further, in violation of law and Petitioner's constitutional right to Due Process of Law, cause the [notices of deficiency] to be placed in the United States Mail, thereby utilizing the United States Postal Service in the attempt to extort monies not lawfully due and owing according to the Respondent's decision.
>
> 9.  That Respondent did, in violation of law and petitioner's constitutional Right to Due Process of Law, attempt to obtain an unjust legal advantage over Petitioner, should Petitioner have failed to seek remedy in the tax court, by having affixed the Notice of Deficiency Waiver (Form 5564) to the alleged Notice of Deficiency, whereupon Respondent obtains a default, allowing Respondent to proceed without any regard to the rights of Petitioner.

## Respondent's Rule 40 Motion and Subsequent Developments

As indicated, respondent filed a Motion To Dismiss For

Failure To State A Claim.[2]  On January 31, 1996, shortly after

respondent filed her motion to dismiss, the Court issued and

served an order calendaring respondent's motion for hearing and

also directing petitioner to file a proper amended petition in

accordance with the requirements of Rule 34.  In particular, the

---

[2] Respondent subsequently supplemented her motion to dismiss in order to clarify the determinations made in the notices of deficiency.

Court directed petitioner to file a proper amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiency and separate statements of every fact upon which the assignments of error are based. Petitioner failed to respond to the Court's order as directed.

Respondent's motion to dismiss was called for hearing pursuant to notice in Washington, D.C., on March 6, 1996. Counsel for respondent appeared at the hearing and presented argument on the pending motion. Petitioner did not appear at the hearing. However, she did file a Rule 50(c) statement with the Court shortly before the hearing.[3]

In her Rule 50(c) statement, petitioner again reiterated her claim that her rights have been violated by the issuance of the notices of deficiency. Thus, petitioner's Rule 50(c) statement includes the following statements:

> in preparing notices of deficiency, respondent caused a collateral estoppel and/or res judicata in violation of petitioner's constitutional right of due process; respondent is attempting to extort monies from petitioner utilizing the notices of deficiency in violation of law and Petitioner's constitutional right to due process of law; notices of deficiency contain penalties in violation of petitioner's constitutional

---

[3] Petitioner did not sign the Rule 50(c) statement. We find this curious, given that petitioner attempts to raise a constitutional issue out of the alleged "failure" of respondent's Service Center director to sign the notices of deficiency. However, the fact of the matter is that the copy of each such notice that is attached as an exhibit to the petition bears such signature.

right to due process of law; respondent's agent did tell petitioner to petition the United States Tax Court in violation of her constitutional right to due process of law; respondent did utilize the United States Postal Service for transmitting illegal attempts at extorting monies from petitioner.

Discussion

Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. We may grant such a motion when it appears beyond doubt that the party's adversary can prove no set of facts in support of a claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982).

Rule 34(b)(4) requires that a petition filed in this Court contain clear and concise assignments of each and every error that the taxpayer alleges to have been committed by the Commissioner in the determination of the deficiency and any addition to tax in dispute. Rule 34(b)(5) further requires that the petition contain clear and concise lettered statements of the facts on which the taxpayer bases the assignments of error. See Jarvis v. Commissioner, 78 T.C. 646, 658 (1982). The failure of a petition to conform with the requirements set forth in Rule 34 may be grounds for dismissal. Rules 34(a)(1), 123(b).

In general, the determinations made by the Commissioner in a notice of deficiency are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S.

79, 84 (1992); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Moreover, any issue not raised in the pleadings is deemed to be conceded.  Rule 34(b)(4); <u>Jarvis v. Commissioner</u>, <u>supra</u> at 658 n.19; <u>Gordon v. Commissioner</u>, 73 T.C. 736, 739 (1980).

The petition filed in this case does not satisfy the requirements of Rule 34(b)(4) and (5).  There is neither assignment of error nor allegation of fact in support of any justiciable claim.  Rather, there is nothing other than petitioner's allegation that respondent has violated statutory and constitutional standards by determining deficiencies in petitioner's income taxes based on petitioner's failure to report wage and self-employment income, by issuing notices of deficiencies consistent with the deficiency procedures prescribed by law, and by advising petitioner that she has the right to contest respondent's determination in a prepayment forum; i.e., this Court.  Petitioner's allegation constitutes nothing other than tax protester rhetoric and legalistic gibberish, as demonstrated by the passages from the petition and the Rule 50(c) statement previously quoted.  See <u>Abrams v. Commissioner</u>, 82 T.C. 403 (1984); <u>Rowlee v. Commissioner</u>, 80 T.C. 1111 (1983); <u>McCoy v. Commissioner</u>, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).

The Court's order dated January 31, 1996, provided petitioner with an opportunity to assign error and allege specific facts concerning her liability for the taxable years in

issue.  Unfortunately, petitioner failed to respond to the Court's order as directed.  If petitioner did not receive the income determined by respondent, petitioner could have easily so alleged.

We see no need to catalog petitioner's various arguments and painstakingly address them.  As the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).  Suffice it to say that "It is within the undoubted power of Congress to provide any reasonable system for the collection of taxes * * * if only the injunction against the taking of property without due process of law in the method of collection and protection of the taxpayer is satisfied."  Wickwire v. Reinecke, 275 U.S. 101, 105-106 (1927); see Goss v. Lopez, 419 U.S. 565 (1975).  The deficiency procedures set forth in subchapter B of chapter 63 of the Internal Revenue Code (secs. 6211-6215), which specifically provide for the issuance of notices of deficiency and the prepayment review of such notices by this Court, satisfy the "due process" standard of the 5th Amendment.  See Adler v. Commissioner, T.C. Memo. 1989-446, affd. without published opinion 930 F.2d 26 (9th Cir. 1991); see also Olshausen v. Commissioner, 273 F.2d 23 (9th Cir. 1959), affg. and

remanding T.C. Memo. 1958-85; Swanson v. Commissioner, 65 T.C. 1180, 1181-1182 (1976).

Because the petition fails to state a claim upon which relief can be granted, we shall grant respondent's motion to dismiss, as supplemented. See Scherping v. Commissioner, 747 F.2d 478 (8th Cir. 1984).

We turn now, on our own motion, to the award of a penalty against petitioner under section 6673(a).

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.

The record in this case convinces us that petitioner was not interested in disputing the merits of either the deficiencies in income taxes or the additions to tax determined by respondent in the notices of deficiency. Rather, the record demonstrates that petitioner regards this case as a vehicle to protest the tax laws of this country and espouse her own misguided views.

A petition to the Tax Court is frivolous "if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986). Petitioner's position, as set forth in the petition and the Rule 50 statement, consists solely of

protester rhetoric and legalistic gibberish.  Based on well-established law, petitioner's position is frivolous and groundless.

We are also convinced that petitioner instituted and maintained this proceeding primarily, if not exclusively, for purposes of delay.  Having to deal with this matter wasted the Court's time, as well as respondent's.  Moreover, taxpayers with genuine controversies were delayed.

In view of the foregoing, we will exercise our discretion under section 6673(a)(1) and require petitioner to pay a penalty to the United States in the amount of $500.  Coleman v. Commissioner, supra at 71-72; Crain v. Commissioner, supra at 1417-1418; Coulter v. Commissioner, 82 T.C. 580, 584-586 (1984); Abrams v. Commissioner, supra at 408-411.

In order to reflect the foregoing,

> An order of dismissal and decision will be entered.