**UNITED STATES of America**

v.

**EDELSON, Joseph, Appellant.**

**No. 79–1209.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) July 10, 1979.

Decided Aug. 22, 1979.

Michael J. Mella, Fair Lawn, N. J., for appellant.

Robert J. Del Tufo, U. S. Atty., Kenneth N. Laptook, Asst. U. S. Atty., Maryanne T. Desmond, Asst. U. S. Atty., Chief Appeals, Div., Newark, N. J., for appellee.

Before ADAMS, ROSENN and HIGGIN-BOTHAM, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

In recent years an increasing, if still small, number of our citizens have placed themselves in open defiance of the Internal Revenue Code, justifying their positions on the basis of a variety of legal theories that have, for the most part, been rejected by the courts. The present appeal may be fairly classified as such a case and, just as our sister courts of appeals that have considered similar arguments have done, we reject appellant's position.

Joseph Edelson was convicted by a jury on three counts of willful failure to file tax returns in violation of 26 U.S.C. § 7203. On this appeal Edelson urges that his signed income tax forms—containing only identifying data, with the balance of the requested information answered with bald assertions of Fifth Amendment privilege—constitute legitimate tax returns. Edelson inserted only his name, address, occupation, and social security number on the forms.

He also provided a figure for his total income computed on the basis of his interpretation of "constitutional dollars"—by which he meant those dollars backed by silver. All other requested information was refused, with assertions of a Fifth Amendment privilege. Inasmuch as he filed such documents, he argues, he may not be convicted of willful failure to file income tax returns.

Further, even if such a use of the Fifth Amendment privilege is found to be invalid, Edelson insists that he was entitled to have the question of his subjective "good faith" exercise of the privilege put to the jury. Edelson claims that a good faith finding in this respect would provide a legal justification for his act, and that the trial judge's charge was inadequate in this regard.

We will affirm the judgment of the district court.

First, it is now well established that tax forms that do not contain financial information upon which a taxpayer's tax liability can be determined do not constitute returns within the meaning of the Internal Revenue Code. *Florsheim Bros. Dry Goods Co. v. United States,* 280 U.S. 453, 50 S.Ct. 17, 74 L.Ed. 600 (1930); *United States v. Johnson,* 577 F.2d 1304, 1311 (5th Cir. 1978); *United States v. Daly,* 481 F.2d 28 (8th Cir. 1973); 10 Mertens, The Law of Federal Income Taxation, § 55.22 (1964 revision).

Second, contrary to Edelson's apparent belief, there is no Fifth Amendment privilege negating one's duty to file a tax return. A tax form requires disclosure of routine information necessary for the computation of tax liability and does not ordinarily compel testimony about facts that might lead to a criminal prosecution. Federal income tax information is sought in a non-accusatorial setting and is not, as a general matter, extracted from a "highly selective group inherently suspect of criminal activities." *California v. Byers,* 402 U.S. 424, 430, 91 S.Ct. 1535, 1539, 29 L.Ed.2d 9 (1971). That such filings or the information contained therein may later appear in court to the detriment of the declarant does not, *ipso facto,* justify an assertion of the Fifth Amendment privilege. As the Supreme Court noted in *Byers* :

"Information revealed by these reports could well be 'a link in the chain' of evidence leading to prosecution and conviction. But under our holdings the mere possibility of incrimination is insufficient to defeat the strong policies in favor of a disclosure called for . . . ." *Id.,* 428, 91 S.Ct. at 1538.

Edelson relies on cases recognizing a Fifth Amendment privilege to refuse to answer questions on a tax return. *See U. S. v. Garner,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976); *U. S. v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). In order to claim this privilege, however, the taxpayer must have a real basis for fearing that he would be subject to criminal prosecution if he were to answer the question in response to which he asserted the privilege. Edelson, in contrast, states only in a generalized manner that, absent his use of the Fifth Amendment, he may be prosecuted for tax fraud.

We find no justification for Edelson's blanket invocation of the Fifth Amendment privilege. One who uses the Fifth Amendment to protect his refusal to provide the disclosures required in a tax return should confine that use to specific objections to particular questions on the return for which a valid claim of privilege exists. He may not use the Fifth Amendment extravagantly to draw a "conjurer's circle" around the obligation to file a return. *United States v. Sullivan,* 274 U.S. 259, 264, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). Of course, the mere fact that the privilege is asserted as to many, most or almost all of the questions on a return, does not deprive the taxpayer of his right to an opportunity to show that the privilege really was properly asserted as to all these questions. But Edelson had the requisite opportunity to submit his claim of privilege to the court for a determination of validity. *Hoffman v. United States,* 341 U.S. 479, 486–87, 71 S.Ct..814, 95 L.Ed. 1118 (1951). See *Garner, supra,* 424 U.S. 659, n.11, 96 S.Ct. 1178, citing *Marchetti v. U. S.,* 390 U.S. 39, 61, 88

S.Ct. 697, 19 L.Ed.2d 889 (1968). He did so by means of a Fed.R.Crim.P. 12(b) motion seeking dismissal of the indictment, and the broad assertion of a Fifth Amendment privilege was rejected by the trial judge. This was not error. Even if a case should arise in which very broad assertions of the privilege might be justifiable, one seeking such protection must provide the trial judge with more than mere averments of possible tax-related prosecutions. Edelson does not appear to have done so before the district court, nor has he indicated to this Court any substantial non tax-related reasons that might have justified his actions. A vague possibility of prosecution for tax fraud may not properly be used as an excuse for engaging in a course of conduct that itself amounts to tax fraud.

Edelson also challenges the jury instructions on the question of his "good faith" reliance on his Fifth Amendment rights. Even if he is adjudged to have gone beyond any legitimate assertion of the constitutional privilege, he argues, he may not be convicted of willful failure to file tax returns inasmuch as he sincerely believed that his actions were consistent with the law. In fact, the trial judge appears to have put this question to the jury with considerable precision:

> In the context of § 7203, the element of willfulness is established by proving that the defendant had knowledge of his legal obligation to file that tax return but, nevertheless, he voluntarily, deliberately and intentionally chose not to do what the law required.

> · · · · ·

> The defendant maintains because of his beliefs, his actions were justified.

> · · · · ·

It is not a defense that the failure to furnish tax information required by the internal revenue law was done for the purpose of protesting government policies, even if such protest is with good motive.

· · · · ·

I further instruct you, the term "willful" in the context of this case is the intentional violation of a known legal duty.

· · · · ·

The defendant's conduct is not willful if he acted through negligence, inadvertence or mistake or due to his good faith misunderstanding of the requirement of the law.

I further instruct you that the defendant's statement of defense in this case is that . . . he did not willfully and knowingly fail to file said returns in violation of a known legal duty, but rather, failed to submit said returns in the good faith belief that he had the legal right to submit a Fifth Amendment return . . .

· · · · ·

If you find the defendant believed in good faith that he was acting within the law, that the defendant's conduct was not marked by careless disregard as to whether he had the right to so act, you must find the defendant not guilty for lack of willfulness.[1]

We can find no error in this charge. The definition of "willfulness" set forth therein is in accord with the Supreme Court's pronouncement in *United States v. Pomponio*, 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976). Insofar as the defendant may be said to rely on a "good motive" defense,[2] the district court's instruction is in accord with this Court's opinion in *United*

---

1. A–32–A–38.

2. "The only good faith defense to a charge of failure to file a required return is one where the defendant alleges 'a bona fide misunderstanding as to his liability for the tax, as to his duty to make a return, or as to the adequacy of the records he maintained . . .' *United States v. Murdock*, 290 U.S. 389, 396, 54 S.Ct. 223, 226, 78 L.Ed. 381 (1933)". *United States v.*

*Matosky*, 421 F.2d 410, 413 (7th Cir. 1970), *cert. denied*, 398 U.S. 904, 90 S.Ct. 1691, 26 L.Ed.2d 62.

Defendant's motives in failing to file are immaterial so long as the government proves beyond a reasonable doubt that defendant was required to file a return; that he knew this obligation; and that he willfully or purposely

*States v. Malinowski,* 472 F.2d 850, 855 (3d Cir.), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973).[3] As for his "good faith" argument, the trial court correctly reasoned that if Edelson truly believed he was under no legal obligation to provide the Internal Revenue Service with anything more than the returns he filed, he could not be guilty of *willful* failure to file—that is, he could not have intentionally violated a known legal duty. *See United States v. Pohlman,* 522 F.2d 974, 976 (8th Cir. 1976). As we read the instruction, this was the precise question that was put to the jury, and it was resolved against the defendant.

Accordingly, the judgment of the district court will be affirmed.

failed to file such return. Thus defendant's arguments of good motive, i. e. protest against taxation or government use of paper money not backed by silver, or good faith but mistaken belief in the law of Fifth Amendment are material and relevant only to the statutory element of "willfulness", the specific intent which the government must establish. *United States v. Johnson,* supra. *United States v. Silkman,* 543 F.2d 1218 (8th Cir. 1976), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977); *United States v. Jordan,* 508 F.2d 750 (7th Cir. 1975); *United States v. Ming,* 466 F.2d 1000 (7th Cir. 1972), reh. denied, *cert. denied,* 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176; *United States v. Hawk,* 497 F.2d 365, 368 (9th Cir.

1974), *cert. denied,* 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65; *United States v. Pohlman,* 522 F.2d 974, 976 (8th Cir. 1975) (en banc).

**3.** In *Malinowski,* defendant was a college professor who had provided false information on his tax return because his taxes were used, in part, to fund the war in Vietnam, which he opposed. Malinowski reasoned that his good faith exercise of what he considered to be a First Amendment right of symbolic protest immunized him for prosecution because of his good purpose. Nonetheless, the trial court's refusal to give such a "good purpose" instruction was affirmed by this Court.