JOSEPH L. SIKES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sikes v. Commissioner
Docket No. 10637-79.
United States Tax Court
T.C. Memo 1982-490; 1982 Tax Ct. Memo LEXIS 253; 44 T.C.M. (CCH) 955; T.C.M. (RIA) 82490; August 25, 1982. *253 P filed Forms 1040 for 1976 and 1977 on which he failed to provide specific information as to income and deductions. On such forms, he asserted a variety of constitutional objections and attached a number of printed materials supporting his contentions. Held, P is liable for the deficiencies determined by the Commissioner. Held, further, as the Forms 1040 do not constitute returns, P is liable for the additions to tax under sec. 6651(a)(1), I.R.C. 1954, for failure to file returns. Joseph L. Sikes, pro se. Willie Fortenberry, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in and additions to the petitioner's Federal *254 income taxes: Additions to Tax
Sec. 6651(a)(1)
Year
Deficiency
I.R.C. 1954 [1]
1976
$1,250.00
$75.00
1977
1,108.00
77.00
The issues for decision are: (1) Whether the petitioner properly reported his income during 1976 and 1977; and (2) whether the petitioner is liable for the additions to tax under section 6651(a)(1) for failure to file returns. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Joseph L. Sikes, resided in Bushnell, Fla., at the time he filed his petition in this case. For 1976, Mr. Sikes filed an individual Form 1040 containing his name, address, and social security number. He listed his occupation as clergy and claimed a total of four exemptions. Such Form 1040 was signed and dated April 12, 1977. Beneath his signature was the statement "Information and signature involuntarily submitted under threat of statutory punishment." On such form, he entered no amounts for income, adjustments, or computations; he stated that: "objection is take[n] to the specific *255 question on grounds of the 4th and 5th Amendments of the U.S. Constitution." Mr. Sikes attached a computation of social security self-employment tax (Schedule SE) to his Form 1040 where he listed $8,500.00 as self-employment income. On the Schedule SE, he computed a tax of $671.50 and entered such figure on the Form 1040 (lines 50 and 21). To this figure he added $278.50, resulting in total taxes of $950.00 (line 22). He claimed estimated tax payments of $950.00 (line 22) and showed no balance due or no amount overpaid (lines 25 and 26). Mr. Sikes attached five additional pages to his Form 1040, including a printed form letter to the Internal Revenue Service setting forth constitutional objections, affidavits by W. Vaughn Ellsworth and by witnesses of his trial, quotations from Federal cases, and a copy of a news clipping. For 1977, Mr. Sikes filed a Form 1040 similar to the one he had submitted for 1976. As in the form for 1976, he included no information concerning the amount of his income or deductions. However, on the Form 1040 for 1977, his objections were based on the Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, Thirteenth, Fourteenth, and Sixteenth Amendments. *256 He attached a Schedule SE on which he reported $8,150.00 of self-employment income. On such schedule, he computed a tax of $643.00 and entered the $643.00 figure on the Form 1040. To this figure he added $139.00 (line 35), resulting in total taxes of $782.00. He claimed estimated tax payments of $800.00 and an overpayment of $18.00. In his notice of deficiency, the Commissioner determined that the petitioner received gross income of $8,500.00 in 1976 and $8,150.00 in 1977 and that such income was not properly reported. The Commissioner also determined that the petitioner failed to file timely returns and that such failure was not due to reasonable cause. Accordingly, he asserted an addition to tax under section 6651(a)(1) for both years. OPINION The first issue for decision is whether the petitioner properly reported his income during 1976 and 1977. The petitioner has the burden of disproving the deficiencies determined by the Commissioner. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). At trial, the petitioner offered no evidence to rebut such determination; instead, he relied on the Constitution as *257 a basis for his withholding of financial information. It is well settled that taxpayers are required to file income tax returns in accordance with the provisions of the Internal Revenue Code. Mr. Sikes' constitutional objections all have been considered on repeated occasions by the courts and have been held to be totally without merit. See, e.g., United States v. Sullivan,274 U.S. 259 (1927); United States v. Daly,481 F. 2d 28, 30 (8th Cir. 1973); Rechtzigel v. Commissioner, 79 T.C.     (July 26, 1982); Jarvis v. Commissioner,78 T.C. 646 (1982); Thompson v. Commissioner,78 T.C. 558 (1982); Reiff v.Commissioner,77 T.C. 1169 (1981); McCoy v. Commissioner,76 T.C. 1027 (1981), on appeal (9th Cir., Sept. 15, 1981); Hatfield v. Commissioner,68 T.C. 895 (1977); Cupp v.Commissioner,65 T.C. 68 (1975), affd. 559 F. 2d 1207 (3d Cir. 1977). As the petitioner has failed to present any evidence to rebut the Commissioner's determinations, we sustain such determinations as to the deficiencies for 1976 and 1977. The second *258 issue for decision is whether the Commissioner properly asserted the addition to tax under section 6651(a)(1). Such section provides that for failure to file a return, there shall be due an addition to tax of up to 25 percent of the tax required to be shown on the return, reduced by certain timely payments, unless it is shown that such failure to file is due to reasonable cause and not willful neglect. The petitioner has the burden of proving that there was reasonable cause for the failure to file. Rule 142(a), Tax Court Rules of Practice and Procedure; BJR Corp. v. Commissioner,67 T.C. 111, 131 (1976). In order for a document to constitute a valid return, it must contain sufficient information for the Commissioner to compute and assess the liability with respect to a particular tax of a taxpayer. Automobile Club of Mich. v. Commissioner,353 U.S. 180, 188 (1957); Florsheim Bros. Drygoods Co.v. United States,280 U.S. 453 (1930); United States v. Edelson,604 F. 2d 232 (3d Cir. 1979); United States v. Johnson,577 F. 2d 1304, 1311 (5th Cir. 1978); United States v. Daly,supra; *259 Reiff v. Commissioner,supra. The disclosure of such data must be provided in a uniform, complete, and orderly fashion. Commissioner v. Lane-Wells Co.,321 U.S. 219, 223 (1944). Furthermore, a Form 1040 does not qualify as a return where it does not specifically state the items of gross income and the deductions and credits claimed by the taxpayer. See United States v. Moore,627 F. 2d 830 (7th Cir. 1980); Thompson v. Commissioner,supra;Conforte v. Commissioner,74 T.C. 1160, 1195 (1980); Sanders v. Commissioner,21 T.C. 1012 (1954), affd. 225 F. 2d 629 (10th Cir. 1955); see also United States v. Johnson,supra.
It is clear from the record that the Forms 1040 filed by the petitioner fall woefully short of constituting returns. Furthermore, Mr. Sikes has shown no "bona fide misunderstanding as to his liability for the tax, [or] as to his duty to make a return." United States v. Murdock,290 U.S. 389, 396 (1933). His vague assertion of constitutional violations and his erroneous interpretation of existing case law *260 simply does not convince us that his failure to file was due to reasonable cause. See Muste v. Commissioner,35 T.C. 913 (1961); see also Richardson v. Commissioner,72 T.C. 818 (1979); Hatfieldv. Commissioner,supra.Accordingly, we sustain the Commissioner's determination on this issue. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1976 and 1977.↩