LORRAINE R. HOBER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ROGER O. HOBER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hober v. Commissioner
Docket Nos. 15920-79, 16390-79, 18755-80, 18788-80.
United States Tax Court
T.C. Memo 1982-505; 1982 Tax Ct. Memo LEXIS 238; 44 T.C.M. (CCH) 1027; T.C.M. (RIA) 82505; September 8, 1982. *238 Ps failed to file returns within the meaning of sec. 6011, I.R.C. 1954, and at trial, they offered no evidence to refute the Commissioner's determination of deficiencies and additions to tax. Held, the Commissioner's determination of deficiencies is sustained. Held, further, additions to tax under secs. 6651(a)(1), 6653(a), and 6654(a), I.R.C. 1954, are sustained. Lorraine R. Hober, pro se in docket Nos. 15920-79 and 18788-80. Roger O. Hober, pro se in docket Nos. 16390-79 and 18755-80. Willie Fortenberry, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' Federal income taxes: Additions to Tax
Sec. 6651(a)(1)
Sec. 6653(a)
Sec. 6654
Petitioner
Year
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954
I.R.C. 1954
Lorraine
R. Hober
1977
$3,441.00
$860.00
$172.00
$120.00
1978
4,847.04
1,211.76
242.35
154.70
Roger
O. Hober
1977
1,581.89
64.97
79.09
1978
2,009.95
502.49
100.50
64.17
*240 The issues for decision are: (1) Whether the petitioners are liable for the deficiencies determined by the Commissioner; and (2) whether the petitioners are liable for the additions to tax under section 6651(a)(1) for failure to file returns, section 6653(a) for underpayment of tax due to negligence or intentional disregard of rules and regulations, and section 6654(a) for underpayment of estimated taxes. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Other facts have been deemed admitted pursuant to Rules 90(d) and 104(c)(1), Tax Court Rules of Practice and Procedure.[2]
The petitioners, Roger O. and Lorraine R. Hober, husband and wife, resided in Clearwater, Fla., at the time they filed their petitions in this case. The Hobers filed a joint return for 1976 which indicated that Mr. Hober was employed in professional maintenance. For that year, he reported gross income of $13,496.64, cost of goods sold *241 of $2,442.81, expenses of $3,472.67, and depreciation of $496.20 with respect to his business. Attached to their return for 1976 were a completed Schedule A (itemized deductions), Schedule C (profit and loss from Mr. Hober's business), and Schedule SE (self-employment income for Mr. Hober). Also attached were a Form 5329 (individual retirement savings arrangement), Forms W-2 (wage and tax statement), and a Form 3468 (computation of investment credit). An accompanying letter to the Internal Revenue Service indicated that Mr. Hober did not have the cash to pay the amount of tax due, $987.43. For 1977, Mr. Hober filed a signed Form 1040 containing only his name, address, and social security number. Across the back of the form, Mr. Hober wrote: "I stand on the 5th amendment of the Constitution of the United States. Anything put on this form might incriminate me and be used against me." Mr. Hober filed no Form 1040 for 1978. Later, Mr. Hober submitted another Form 1040 for 1977 labeled "Amended," in which he again provided no information as to his income or deductions. Therein, he set forth objections to each of the requests for items of income, tax, and credits on the ground *242 of self-incrimination. He also objected to providing information for other taxes, payments, and refunds. Where other information was requested, he wrote "NONE" or "00 00." Mr. Hober attached a number of additional pages to such Form 1040, including four pages of quotes from Federal cases, a page of a treatise detailing a taxpayer's alleged rights under the Fifth and Sixth Amendments, copies of a number of news clippings, and copies of letters and other forms involving other taxpayers. In his notice of deficiency, the Commissioner determined that Mr. Hober failed to file returns for 1977 and 1978. The Commissioner computed Mr. Hober's income for 1977 by using the information on his 1976 return and increasing such amounts by a 10-percent inflation factor, and he computed Mr. Hober's income for 1978 by applying a 10-percent factor to the results that he had obtained for 1977. He also determined that Mr. Hober received income of $625 on the sale of a personal residence during 1978. Accordingly, he determined deficiencies and additions to tax under section 6651(a)(1) for failure to file returns, section 6653(a) for underpayment of tax due to negligence or intentional disregard of *243 rules and regulations, and section 6654 for underpayment of estimated taxes. In 1976, Mrs. Hober was employed as a physical therapist at Druid Hills Nursing Home. While so employed, she cared for Mabel Back, a patient at such facility. Sometime in the middle of 1976, Mrs. Back left the nursing home and moved to the Hobers' home, where she remained through 1977 and 1978. As a physical therapist, Mrs. Hober assumed the major responsibility for the care of Mrs. Back and charged a fee for providing her with room, board, and necessary care. During 1977, a total of $13,140 was charged for such care. Such amount was paid to Mr. Hober by 12 separate checks drawn on the account of Mrs. Back. During 1978, a total of $14,000 was paid in a similar manner for the care of Mrs. Back. In addition, the petitioners received other payments to cover miscellaneous personal expenses of Mrs. Back. Mrs. Hober filed no return for 1977 or 1978. In his notice of deficiency and amendment to the answer, the Commissioner determined that Mrs. Hober had unreported business income of $13,140 in 1977 and $15,840 in 1978. He also determined that she received income of $625 in 1978 on the sale of a personal *244 residence. Accordingly, he determined deficiencies and additions to tax under sections 6651(a)(1), 6653(a), and 6654(a). OPINION The petitioners generally have the burden of proving the deficiencies determined by the Commissioner to be incorrect. [3] Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). Here, they introduced no evidence to refute the deficiencies. Instead, they asserted that wages are not income and that the Fifth Amendment gives them the right not to report their income and not to file tax returns. These arguments have been considered and rejected numerous times, and are recognized as frivolous. E.g., United States v. Sullivan,274 U.S. 259 (1927); United States v. Moore,627 F. 2d 830 (7th Cir. 1980); United States v. Johnson,577 F. 2d 1304, 1311 (5th Cir. 1978); United States v. Daly,481 F. 2d 28, 30 (8th Cir. 1973); Rechtzigel v. Commissioner,79 T.C. 132 (1982); Jarvis v. Commissioner,78 T.C. 646 (1982); Thompson v. Commissioner,78 T.C. 558 (1982); Reiff v. Commissioner,77 T.C. 1169 (1981); McCoy v. Commissioner,76 T.C. 1027 (1981), *245 on appeal (9th Cir., Sept. 15, 1981); Wilkinson v. Commissioner,71 T.C. 633 (1979); Hatfield v. Commissioner,68 T.C. 895 (1977); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without pub. opinion 559 F. 2d 1207 (3d Cir. 1977). Under section 6011, taxpayers are required to file returns containing sufficient information from which the Commissioner can compute and assess the liability with respect to a particular tax of a taxpayer. Automobile Club of Michigan v. Commissioner,353 U.S. 180, 188 (1957); Commissioner v. Lane-Wells Co.,321 U.S. 219, 222-223 (1944); Florsheim Bros. Drygoods Co. v. United States,280 U.S. 453 (1930); United States v. Edelson,604 F. 2d 232 (3d Cir. 1979); United States v. Johnson,supra;United States v. Daly,supra; *246 Thompson v. Commissioner,supra;Reiff v. Commissioner,supra. Forms 1040 which disclose no information other than a taxpayer's name, address, and social security number do not constitute returns within the meaning of section 6011. See Commissioner v. Lane-Wells Co.,supra;Thompson v. Commissioner,supra;Reiff v. Commissioner,supra;White v. Commissioner,72 T.C. 1126 (1979); Hatfield v. Commissioner,68 T.C. at 898; Cupp v. Commissioner,supra.Neither Mr. nor Mrs. Hober submitted documents which qualified as returns within the meaning of section 6011; and as they have offered no evidence to refute the correctness of the deficiencies determined by the Commissioner, we sustain such deficiencies. [4] Moreover, with regard to contentions similar to those of the petitioners, the Court of Appeals for the Fifth Circuit recently observed: *247 Appellants' contentions are stale ones, long settled against them. As such they are frivolous. Bending over backwards, in indulgence of appellants' pro se status, we today forbear the sanctions of Rule 38, Fed.R.App.P.[5] We publish this opinion as notice to future litigants that the continued advancing of these long-defunct arguments invites such sanctions, however. [Lonsdale v. Commissioner,661 F. 2d 71, 72 (5th Cir. 1981), affg. per curiam a Memorandum Opinion of this Court.] The only other issues to be decided are whether the petitioners are liable for additions to tax under sections 6651(a), 6653(a), and 6654. Section 6651(a) provides for an addition to tax when a return is not timely filed, unless the failure to do so is shown to be due to reasonable cause; section 6653(a) provides for an addition to tax where an underpayment of tax is due to negligence or intentional disregard of rules and regulations; and section 6654 provides for an addition to *248 tax for underpayments of estimated tax. Since the Commissioner determined that the petitioners were liable for such additions to tax, they must carry the burden of showing that they are not so liable. See BJR Corp. v. Commissioner,67 T.C. 111, 131 (1976); Enoch v. Commissioner,57 T.C. 781, 802 (1972); Hollman v. Commissioner,38 T.C. 251 (1962); Courtney v. Commissioner,28 T.C. 658, 669-670 (1957); Hartley v. Commissioner,23 T.C. 353, 360 (1954). The petitioners introduced no evidence to justify their failure to file returns for 1977 and 1978. They also failed to show that their underpayments of taxes were not due to negligence or intentional disregard of rules and regulations; nor did they show that they did not underpay their estimated taxes. Therefore, we sustain the additions to tax determined by the Commissioner. Decisions will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. All references to a Rule are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. Since part of the deficiencies against Mrs. Hober claimed by the Commissioner was set forth in an amendment to his answer, he has the burden of proof with respect to the deficiency set forth in such claim, but he has carried that burden by the facts that were deemed admitted under Rules 90 and 104↩.
4. On brief, the petitioners cite the definition of "employee" in sec. 3401(c) and argue that they are not subject to tax on their income since they are not employees within the meaning of such provision. Such argument is totally without merit. Sec. 3401 is concerned with the withholding of income taxes at the source and merely provides for the collection of taxes from the employee's wages by the employer. As stated in McGahen v. Commissioner,76 T.C. 468, 481 (1981), on appeal (3d Cir., Aug. 24, 1981): Whether Federal income taxes must be withheld at the source is entirely a separate issue from whether taxes must ultimately be paid on income. Compare section 63 with section 3402.↩
5. Such rule provides: If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.↩