ROBERT CHRISTENSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Christensen v. Commissioner
Docket No. 10410-77.
United States Tax Court
T.C. Memo 1983-43; 1983 Tax Ct. Memo LEXIS 747; 45 T.C.M. (CCH) 573; T.C.M. (RIA) 83043; January 24, 1983. Robert Christensen, pro se. Randy G. Durfee, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [1]
1973
$1,078.24
$269.56
$53.91
$34.36
1974
1,301.65
254.78
65.08
35.74
*748 The issues are (1) whether petitioner received unreported taxable income during the years 1973 and 1974; and (2) whether he is liable for the additions to tax for failure to file income tax returns, for negligence or intentional disregard of respondent's rules and regulations, and for failure to pay estimated tax. No facts have been stipulated and the petitioner, who declined to testify under oath, did not offer any evidence at the trial of this case. Only sketchy facts can be gleaned from the pleadings. Petitioner resided in Deer Lodge, Montana, when he filed his petition in this case. During the years in issue the petitioner operated a body shop business and for part of 1974 he was employed by Anaconda Motor Company from whom he received wages in the amount of $5,664 on which Federal income taxes of $282.50 were withheld by his employer. In the absence of records, respondent determined that the petitioner received net income from his body shop business operations of $7,053.12 in 1973 and $3,767.78 in 1974. *749 Petitioner asserts that his records were destroyed by fire and are no longer available. He offered no testimony or other evidence with respect to his income, business expenses or deductions for the years in issue. [2]
In his first response to respondent's request for admissions the petitioner repeatedly stated that he considered the information sought by respondent to be privileged information and he invoked his Fourth and Fifth Amendment rights. This Court, in reviewing the sufficiency of petitioner's response, said in its Order dated May 11, 1982: With respect to petitioner's apparent assertion of the Fifth Amendment privilege, respondent correctly points out that the criminal statute of limitations for prosecuting petitioner for either failure to file or tax evasion has now expired. Code section 6531; See Ryan v. Commissioner,67 T.C. 212, 217 (1976) affd. 568 F.2d 531 (7th Cir. 1977). Wholly aside from the *750 fact that the statute of limitations precludes a criminal tax prosecution for the years here in question, it is quite apparent to the Court that petitioner is not asserting the Fifth Amendment because of any genuine fear of incrimination, but he has, from the time he filed documents purporting to be his 1973 and 1974 tax returns to the present date, simply used the Fifth Amendment and other frivolous constitutional arguments as a means to thwart respondent from determining and collecting his tax liabilities. In similar situations, we held that the Fifth Amendment does not protect petitioners from responding to respondent's discovery requests since "the privilege against self-incrimination may be invoked only when an answer to the question posed would expose the petitioner to a real danger of criminal prosecution; remote or speculative possibilities of prosecution for unspecified crimes are not sufficient to justify a refusal to respond." [Citations omitted] McCoy v. Commissioner,76 T.C. 1027 (1981); and Burns v. Commissioner,76 T.C. 706, 707 (1981). See also Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); Figueiredo v. Commissioner,54 T.C. 1508 (1970), *751 affd. by unpublished order (9th Cir. 1973). [3]
Petitioner has not filed Federal income tax returns for 1973 and 1974. On March 12, 1976, he filed two documents on Form 1040 which contained no information as to his income, credits or deductions. On the face of the documents and various attachments appended thereto the petitioner asserted various constitutional rights. Petitioner has the burden of proving that the deficiencies determined by respondent are incorrect. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). Petitioner has introduced no evidence to refute the deficiencies. Consequently, he has failed to carry his burden of proof. The other issues to be decided are whether the petitioner is liable for additions to tax under sections 6651(a), 6653(a), and 6654. Section 6651(a) provides for an addition to tax when a return is not timely filed, unless the failure to do so is shown to be due to reasonable cause; section 6653(a) *752 provides for an addition to tax where an underpayment of tax is due to negligence or intentional disregard of rules and regulations; and section 6654 provides for an addition to tax for underpayments of estimated tax. Since the respondent determined that the petitioner is liable for such additions to tax, the petitioner must carry the burden of proving that he is not so liable. See BJR Corp. v. Commissioner,67 T.C. 111, 131 (1976); Enoch v. Commissioner,57 T.C. 781, 802 (1972). Petitioner introduced no evidence to justify his failure to file returns for 1973 and 1974. In order for a document to constitute a valid return it must contain sufficient information for the Commissioner to compute and assess the liability with respect to a particular tax of a taxpayer. Automobile Club of Mich. v. Commissioner,353 U.S. 180, 188 (1957); Florsheim Bros. Drygoods Co. v. United States,280 U.S. 453 (1930); United States v. Edelson,604 F.2d 232 (3d Cir. 1979); United States v. Johnson,577 F.2d 1304, 1311 (5th Cir. 1978); United States v. Daly,481 F.2d 28 (8th Cir. 1973); *753 and Reiff v. Commissioner,77 T.C. 1169 (1981). The disclosure of such data must be provided in a uniform, complete, and orderly fashion. Commissioner v. Lane-Wells Co.,321 U.S. 219, 223 (1944). Furthermore, a Form 1040 does not qualify as a return where it does not specifically state the items of gross income and the deductions and credits claimed by the taxpayer. See United States v. Moore,627 F.2d 830 (7th Cir. 1980); Sanders v. Commissioner,21 T.C. 1012 (1954), affd. 225 F.2d 629 (10th Cir. 1955); see also United States v. Johnson,supra.
It is clear from this record that the Forms 1040 filed by the petitioner on March 12, 1976, fall woefully short of constituting returns. Furthermore, he has shown no "bona fide misunderstanding as to his liability for the tax, [or] as to his duty to make a return." United States v. Murdock,290 U.S. 389, 396 (1933). His vague assertion of constitutional violations and his erroneous interpretation of existing case law simply do not convince us that his failure to file was due to reasonable cause. See Muste v. Commissioner,35 T.C. 913 (1961); *754 see also Richardson v. Commissioner,72 T.C. 818 (1979); Hatfield v. Commissioner,68 T.C. 895 (1977). Therefore, we sustain the additions to tax under section 6651(a). Petitioner also failed to show that his underpayments of taxes were not due to negligence or intentional disregard of rules and regulations; nor did he show that he did not underpay his estimated taxes. Consequently, we sustain the additions to tax under sections 6653(a) and 6654. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years involved herein, unless otherwise indicated.↩
2. He made the following statement at the trial: So I really do not have a large defense to this deficiency that they sent me, except that I'll be the only man that went broke in business and owe the tax that I know about. * * *↩
3. Petitioner's Fourth Amendment claim is without foundation and utterly devoid of merit. See Edwards v. Commissioner,680 F.2d 1268, 1270↩ (9th Cir. 1982).