29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph EDELSON, Defendant-Appellant.
 No. 92-50243.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 1, 1994.
Decided Aug. 1, 1994.
 
 1
 Before: BRUNETTI, KOZINSKI, and BOGGS,* Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Joseph Edelson was convicted after a jury trial on five counts of income tax evasion for the years 1984 through 1988, in violation of 26 U.S.C. Sec. 7201, and six counts of using false social security numbers, in violation of 42 U.S.C. Sec. 408(g)(2). The income tax evasion charges rested on defendant's filing frivolous tax returns for the years 1984 and 1985 and for failing to file any returns for the years 1986-88. The six counts of using false social security numbers related to the defendant's furnishing false numbers to his employers during 1986 through 1988, which caused the employers to report his earnings to the IRS under those false numbers.
 
 
 4
 Defendant had previously been convicted in 1978 in the United States District Court of the District of New Jersey for failure to file tax returns. That conviction was affirmed by the Third Circuit, 604 F.2d 232 (3d Cir.1979). On this appeal, defendant primarily complains of matters relating to the impact of that previous conviction on his defense in this trial. In particular, he contends that the district court ruled that collateral estoppel prevented him from introducing evidence concerning his good faith belief that he was not required to comply with the filing requirements of the tax laws, see Cheek v. United States, 498 U.S. 192 (1990), because of his previous conviction, and he further complains of various comments made by the trial court in the course of ruling on objections during the trial.
 
 
 5
 The collateral estoppel issue is not squarely before this court, and will not be addressed. No instruction on the issue was requested by either side, and the defendant did not object to any instruction that was given. The court clearly and carefully instructed the jury under the proper standard derived from the Cheek case. The defendant's claim here really is an objection to the court's evidentiary rulings on the relevance of evidence that he sought to introduce concerning the events surrounding his 1979 conviction. Since the issue in this case was his actual beliefs during the period 1984-1988, the court did not abuse its discretion in limiting or even excluding evidence surrounding his state of mind in the 1970s.
 
 
 6
 To the extent the point is relevant at all, it rests on the court's statement [J.T. at 547] in response to argumentation on an evidentiary ruling, that "defendant needs a new motivation now" and could not simply rely on the defense that prior to the 1979 conviction he had a good faith belief that he was not required to follow the tax laws and file a proper return.
 
 
 7
 Edelson's contention that the trial judge was biased is also not supported. There must be actual bias, or the reviewing court must have an abiding impression that the judge projected to the jury an appearance of partiality. He has failed to show such bias. Shad v. Dean Witter Reynolds, Inc., 799 F.2d 525, 531 (9th Cir.1986). A reading of the transcripts shows that the trial court was doing its best to manage the trial in the face of Edelson's effort to use the trial as a platform for a philosophical challenge to the tax code. Edelson's answers were repeatedly nonresponsive to questions posed by counsel--a problem the trial court tried to correct in its effort to keep Edelson's testimony within proper bounds.
 
 
 8
 The district judge's comments, even if considered combative, all arose in the context of ruling on objections and dealing with defense counsel's arguments on the introduction of evidence. They come nowhere near the type of constant interruption or belittlement of a defense case that occurred in those cases where a conviction has been overturned because of judicial comments. See, e.g., Quercia v. United States, 289 U.S. 466, 469 (1933); United States v. Hickman, 592 F.2d 931 (6th Cir.1979).
 
 
 9
 The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 The Honorable Danny J. Boggs, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3