

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-31-2006

# Hattman v. Comm IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1040

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hattman v. Comm IRS" (2006). *2006 Decisions.* Paper 545.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/545

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1040

_____

ROGER HATTMAN,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal From the United States Tax Court
(Tax Court No. 23610-04)
Tax Court Judge: Honorable Thomas B. Wells

_____

Submitted Under Third Circuit LAR 34.1(a)
July 28, 2006

BEFORE: BARRY, CHAGARES and COWEN, <u>CIRCUIT JUDGES</u>

(Filed : August 31, 2006)

_____

OPINION
_____

PER CURIAM

Roger Hattman has appealed the decision of the United States Tax Court

sustaining the Internal Revenue Service's ("IRS") determination of a tax deficiency.[1]  For

---

[1]  Hattman filed a brief in this appeal entitled "Petition for Writs of Mandamus, Prohibition and Error to the Tax Court," which we construe as both his appellate brief and

the reasons that follow we will affirm the Tax Court's decision and deny Hattman the requested petitions.

For tax year 2000, Hattman submitted a United States Individual Tax Return form 1040 listing "zero" on every line except those with respect to his occupation as a teacher and his request for a refund in the amount of $918.80. To the 1040 form, Hattman attached a W-2 form documenting the payment of $7,860 in wages by the University of Pittsburgh and a two-page "letter of non-liability" protesting that he was not subject to the federal income tax. Specifically, he maintained that the Internal Revenue Code did not establish income tax liability and that, in any event, he had no taxable income because none of his income was derived from corporate activity.

After the IRS refunded Hattman in the requested amount, it determined that Hattman had received additional reportable wages and other income totaling $7849. The IRS sent Hattman a computation report along with a Notice of Deficiency on December 12, 2004, informing him of his tax deficiency for 2000, and other penalties and additions that had been imposed under Sections 6651(a)(1)-(2) and 6654(a) of the Internal Revenue Code. Hattman filed a timely petition in the Tax Court, challenging the "jurisdiction, venue and authority" of the IRS and Congress over him, asserting that the Notice of Deficiency was barred by the applicable statute of limitations, and claiming that he was not subject to federal income taxation because he lives and works on private property that

as a mandamus petition.

2

is in no way connected with the state or federal government.

The Commissioner of the IRS responded, claiming that the statute of limitations did not apply in Hattman's case because the 1040 tax form he submitted did not constitute a valid return. The Commissioner also argued that because no valid tax return was filed for tax year 2000, Hattman should be subject to an additional tax pursuant to I.R.C. § 6651(a)(1).

After a bench trial on Hattman's petition, the Tax Court entered a decision in favor of the IRS, ruling that Hattman's 1040 form for tax year 2000 was not a valid return and thus, the IRS's notice of deficiency was not barred by the statute of limitations. Although the Tax Court determined that there was a deficiency in income taxes due from Hattman for 2000 in the amount of $1,852, it held that the IRS had failed to prove Hattman's liability for an addition to the tax under I.R.C. § 6651(a)(1). The Tax Court imposed a $4,000 sanction pursuant to I.R.C. § 6673, concluding that Hattman's current petition protesting the federal income tax was frivolous and groundless, and noting, in particular, that he had filed two similar petitions previously, both of which were dismissed for failure to state a claim. The Tax Court denied Hattman's motion to vacate. Hattman timely filed this pro se appeal.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We review the Tax Court's factual findings for clear error, and exercise plenary review of its conclusions of law. PNC Bancorp v. Commissioner of Internal Revenue, 212 F.3d 822, 827 (3d Cir. 2000).

3

Hattman seeks writs of error and of mandamus including: 1) a writ of error to the Tax Court requiring that it make findings of fact and conclusions of law on all issues raised in the petition; 2) a writ of mandamus ordering the clerk to file a default against the Commissioner; 3) a writ of mandamus to the Commissioner to honor appellant's letter of "nonliability"; and 4) a writ of prohibition barring the IRS from engaging in a collection action against him.  See Aplt's Informal Brief at "Remedy."  Relying on United States v. Long, 618 F.2d 74, 80 (9th Cir. 1980), Hattman contends that the "zero return" he filed in 2000 was a valid tax return and thus, the three year statute of limitations provided in I.R.C. § 6051(a) applies in his case.  Hattman also argues that the IRS has no authority to impose a tax upon him as a "Superior Sovereign," that the IRS has "defaulted" on the issue of its authority to tax him, that the IRS violated his right of redress by pursuing an administrative process that automatically imposes "default" on a taxpayer without any notice to him, and that the Tax Court violated due process essentially by ruling against him.

We will affirm.  The Government is not barred by the three year statute of limitations with respect to its notice of tax deficiency because Hattman's zero return is not a "return" for tax purposes.  Section 6011 of the Internal Revenue Code ("I.R.C."). provides that "every person required to make a return or statement shall include therein the information required by such forms or regulations."  The I.R.C., however, does not provide a statutory definition of "return."  It has long been established that tax forms containing no financial information upon which a taxpayer's tax liability can be

4

calculated do not constitute "returns" within the meaning of the I.R.C.  See United States

v. Edelson, 604 F.2d 232, 234 (3d Cir. 1979).  Moreover, a taxpayer's submission must:

(1) purport to be a return; (2) be executed under penalty of perjury; and (3) represent an

honest and genuine or reasonable attempt to satisfy the requirements of the tax law.  See

Florsheim Bros. Drygoods Co. v. United States, 280 U.S. 453 (1930) (holding that the

document submitted as a return must purport to be a return and must honestly and

reasonably be intended as such); Zellerbach Paper Co. v. Commissioner, 293 U.S. 172,

180 (1934) (holding that a return must be sworn to as such and evince an honest and

genuine endeavor to satisfy the law).

We need not decide whether Hattman's zero return provides sufficient data upon

which to calculate tax liability because it fails to represent an honest and genuine or

reasonable attempt to satisfy the tax law requirements.  Here, Hattman attached to his

zero return a two-page "letter of non-liability" clearly challenging the IRS's authority to

tax him.  Where, as here, a tax protest is submitted as part of the zero return, we cannot

conclude that the return is an honest and genuine or reasonable attempt to satisfy the tax

law.  See United States v. Moore, 627 F.2d 830, 834-35 (7th Cir. 1980).

We have considered Hattman's arguments that he was denied access to the courts

because he was not given a chance to rebut the IRS's notice of deficiency on an

administrative level and that the District Court deprived him of due process in denying his

petition, and hold that both arguments are meritless.  Hattman has an adequate remedy

through filing a petition in Tax Court.  Hattman's complaints concerning the Tax Court's

5

rulings against him do not establish a due process violation. It is readily apparent that the remaining arguments on appeal and in his "petitions" in this Court, as well as his letter of non-liability filed in the Tax Court, pertain to his challenge to the federal income tax as a tax protester. These types of tax protester arguments have been rejected as patently frivolous, and require no additional analysis here. See, e.g., Sauers v. Commissioner Internal Revenue, 771 F.2d 64, 66 and 69 n.6 (3d Cir. 1985). Moreover, to the extent that Hattman's brief filed in this Court was also intended as petitions for writs of mandamus and error, they are denied as he has failed to demonstrate a clear and indisputable right to relief. Kerr v. United States District Court, 426 U.S. 394, 403 (1976); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982).

For these reasons, and because there is no merit to Hattman's remaining contentions, we will affirm the decision of the Tax Court.