**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4210
_____

DENNIS KLEIN,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal from the United States Tax Court
(Tax Court No. 07-27365)
Tax Court Judge:  Honorable David Gustafson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2011

Before:  RENDELL, CHAGARES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 22, 2011)

_____

OPINION
_____

PER CURIAM

Dennis Klein, proceeding <u>pro se</u>, appeals a decision of the United States Tax Court

sustaining a tax deficiency and addition to tax determined by the Internal Revenue

1

Service ("IRS"). For the reasons that follow, we will affirm the Tax Court's decision.

Klein worked for the New York City Transit Authority and retired in 2001. He then received monthly pension checks, which totaled $30,652 for the tax year 2005. Klein completed an individual income tax return, Form 1040, for that year. However, he entered a zero on all of the lines of Form 1040, including line 16b, "Pensions and annuities." The IRS issued Klein a notice of deficiency for tax year 2005 and addition to tax pursuant to 26 U.S.C. § 6651(a)(1). Klein filed a petition in Tax Court challenging the notice of deficiency.

The Tax Court held a bench trial on January 12, 2010. Klein conceded that he received a pension, but stated that he also paid mortgage interest of approximately $5,300 in tax year 2005. The IRS conceded that Klein was entitled to a mortgage interest deduction. Klein raised a number of arguments in Tax Court: he was not required to file a tax return pursuant to the Federal Register; Frederick Mutter, counsel for the IRS in Tax Court, committed fraud as he is not an enforcement officer nor does he have a pocket commission; Mutter failed to answer Klein's questions; Klein's deficiency had to be verified; the IRS is not a part of the United States government because it is a private corporation out of Puerto Rico; the statute of limitations had expired; a tax return completed with all zeros is legal; his income is below the poverty level and therefore he did not owe taxes; the IRS set a precedent by accepting his similarly filed tax return in previous years; and, in 2002 he received a refund check and, therefore, he did not owe any taxes.

2

The Tax Court sustained the deficiency determination, explaining that Klein had the burden of proof to demonstrate that the determination of deficiency was incorrect. The Tax Court found that the 2007 notice of deficiency for the 2005 tax year was sent within the limitations period and that all of Klein's other arguments were frivolous. The Tax Court also sustained the calculation of an addition to tax pursuant to 26 U.S.C. § 6651(a)(1). After receiving a computation pursuant to Rule 155 from the IRS and Klein's response, the Tax Court determined that Klein's deficiency for tax year 2005 was $2,946 and that the addition to tax pursuant to § 6651(a)(1) was $295. Klein appeals.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We exercise plenary review over the Tax Court's conclusions of law, and we review its factual findings for clear error. PNC Bancorp, Inc. v. Comm'r of Internal Revenue, 212 F.3d 822, 827 (3d Cir. 2000).

On appeal, Klein raises substantially the same arguments that he made in the Tax Court. He argues that Mutter committed fraud as he is not an enforcement officer nor does he have a pocket commission, and that Mutter failed to answer his questions.[1] He maintains that the Federal Register does not require that he file a tax return; that the IRS is not a part of the United States government as it is incorporated in Delaware as a collection agency for a Puerto Rico company; and that his purported debt was not

---

[1] Based on the attachments to his notice of appeal and motion to vacate, it appears that the questions Klein posed to Mutter relate to his argument that his purported debt must be validated.

3

validated. He also asserts that, because he filed his tax return in 1999 containing all zeros and received a full refund, the IRS set a precedent, and that filing a Form 1040 containing all zeros constitutes filing a tax return.[2]

The Tax Court properly rejected Klein's argument that the IRS set a precedent based on acceptance of his prior tax forms and issuance of a refund for a prior tax year. Any prior inaction by the IRS had no bearing on the determination of tax liability for tax year 2005. See Dixon v. United States, 381 U.S. 68, 72-73 (1964) (prior IRS inaction or affirmative acquiescence does not bar IRS from collecting a tax lawfully due).

To the extent that Klein challenges the addition to tax pursuant to § 6651(a)(1), we conclude that the Tax Court properly sustained the addition to tax. An addition to tax shall be added if a taxpayer fails to file a tax return. 26 U.S.C. § 6651(a)(1). A tax form that does not contain information upon which a taxpayer's liability can be properly calculated does not constitute a tax return within the meaning of the Internal Revenue Code. See United States v. Edelson, 604 F.2d 232, 234 (3d Cir. 1979). A taxpayer's return must honestly and reasonably provide a statement of the items of income, deductions, and credits that would satisfy the requirements of the tax law. See Zellerbach Paper Co. v. Helvering, 293 U.S. 172, 180 (1934); Florsheim Bros. Drygoods Co. v. United States, 280 U.S. 453, 462 (1930).

---

[2] Klein failed to raise his statute of limitations and poverty level arguments in his opening brief; therefore, these claims are waived. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

4

In 2005, a person with income of $3,200 or more was required to file a tax return. I.R.C. § 6012(a)(1)(A). Income is "all income from whatever source derived," including pensions. I.R.C. § 61(a)(11). Klein conceded that he received pension payments totaling $30,652 in tax year 2005. Thus, Klein's Form 1040 for tax year 2005 that contained zeros on each of the lines (including line 16b, "Pensions and annuities") did not contain sufficient data from which his tax liability could properly be calculated, and failed to represent an honest or reasonable attempt to satisfy the tax law requirements. See United States v. Moore, 627 F.2d 830, 834-35 (7th Cir. 1980). Therefore, we agree that Klein's filing did not constitute a tax return for tax year 2005 and the addition to tax was properly sustained.

Klein's other arguments are the kind of tax protestor arguments that we have rejected as patently frivolous. See Sauers v. Comm'r of Internal Rev., 771 F.2d 64, 66-67 (3d Cir. 1985).

As the Tax Court properly sustained the deficiency determination and calculation of addition to tax, we will affirm the Tax Court's decision.[3]

---

[3] Klein filed a notice to produce/motion to reverse decision of Tax Court as well as an appellate brief. Both documents appear to raise the same arguments, and Klein indicated in his appellate brief that his motion to reverse was his legal brief. We have considered the arguments raised in each filing. As we will affirm the Tax Court's decision, we deny Klein's motion.